## Noah Coles v. K. T. Meade, Appellant.

*Contract—Stipulated commission for sale of land—Broker's license.*

A person, not a licensed real estate dealer, has no right to recover commissions for sale of land without a contract as to a specific amount, but such contract existing his right to recover is perfect.

*Evidence—Contract for services for sale of land.*

A purchaser for land having been found and accepted, the agent is entitled to recover a stipulated compensation, and evidence to show that the vendee defaulted on some of his payments is properly excluded.

Argued April 12, 1897. Appeal, No. 18, April T., 1897, by defendant, from judgment of C. P. No. 1, Allegheny Co., Dec. T., 1894, No. 946, on verdict for plaintiff. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Appeal from judgment of alderman. Before COLLIER, J.

The facts sufficiently appear in the opinion of the court.

Verdict and judgment for plaintiff for $100. Defendant appealed.

*Errors assigned* among others were (1) In not granting a nonsuit. (2) In not giving the first instruction asked for: "The plaintiff's claim being based on an account for commissions for the sale of real estate, if the jury believes from the evidence that the plaintiff did not have a license to deal in real estate, their verdict must be for the defendant." (3) In refusing binding instructions for defendant.

*Hudson & McCue*, for appellant.

*J. Wilfred Holmes*, for appellee.

OPINION BY REEDER, J., July 23, 1897 :

This was an action by the plaintiff to recover $100 upon a contract made between himself and the defendant to pay the plaintiff that sum, providing he found a purchaser for a property who would pay $3,400 purchase money.

The questions of fact in this case were fairly submitted to the jury upon adequate and competent testimony, and determined in favor of the plaintiff.

The only legal question that is raised by the assignments of error is that which is embraced within the first, second and third assignments, the contention of the defendant being that, as the plaintiff is not a licensed real estate dealer, he has no right to recover commissions for the sale of real property. This as a legal proposition is true, if he were seeking to recover commissions as such without a contract as to a specific amount. But that is not this case. It has never been held by any court in this commonwealth, and I do not think ever will be, that where a contract is entered into between the owner of real estate and an individual not a real estate dealer, that if he finds a customer for the real property, he will pay him a certain amount as his compensation for his trouble, it is not a good contract and one that is recoverable upon.

It was under this conception of the law that the case was submitted to the jury and a nonsuit refused. It was clearly right.

The refusal to permit the defendant to testify as to the amount of money that had been paid by John Crawford, the purchaser of the real estate, on account of the purchase money thereof, was also proper. It had no bearing on the case, and was therefore irrelevant. The plaintiff Coles had kept his part of the agreement when he found a purchaser—Crawford; and when Meade accepted Crawford as the purchaser of the property, made his contract with him, it was not Coles' fault that Crawford defaulted on some of his payments on the property. Therefore it would have been error in the court below to have admitted this testimony.

The fourth and last assignment of error is without merit. The instruction to the jury by the court was fully warranted and justified by the evidence in the case.

Judgment affirmed.