## Phillip Yedinskey *v.* Felix Strouse, Appellant.

*Real estate broker—Commissions—Action without license—Burden of proof.*

Where a person claims for services rendered about the sale of real estate under a contract and not as a real estate broker, it devolves on the employer, if he relies on the fact that plaintiff was a real estate broker, to show that fact, and the question when properly raised is for the jury.

*Real estate—Right to recover for sale under contract—Broker.*

Any person may lawfully employ one, who is not a real estate broker, to buy or sell real estate, and when such employment takes place and labor is done under the employment, it must be paid for.

Argued Dec. 10, 1897. Appeal, No. 169, Oct. T., 1897, by defendant, from judgment of C. P. Schuylkill Co., May T., 1896, No. 492, on verdict for plaintiff. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Assumpsit to recover for services in selling real estate. Before BECHTEL, J.

The facts sufficiently appear in the opinion of the court.

Verdict and judgment for plaintiff for $325.80. Defendant appealed.

*Errors assigned* were (1) In not affirming the defendant's first point, to wit: " That the testimony of the plaintiff and his witnesses shows that the plaintiff was in the business of buying and selling real estate, and that he had no license, and therefore under all the evidence the plaintiff cannot recover," and in making the following answer to said point: " This we decline to say to you, and have already indicated to you that we leave the matter to you as a question of fact." (2) In not affirming the defendant's third point: " That under all the evidence the plaintiff cannot recover," and in making the following answer: " This we refuse to say to you, and leave you to decide what your verdict shall be."

*Wm. Wilhelm*, for appellant.

*D. C. Henning*, with him *W. J. Whitehouse*, for appellee.

OPINION BY WICKHAM, J., February 19, 1898:

The defendant, desiring to sell certain real estate in Pottsville, at the price of $20,000, offered the plaintiff who was the court interpreter of Schuylkill county $300 to find him a purchaser. The plaintiff secured a buyer, who bought at the price fixed. The employment of the plaintiff, although denied by the defendant, was found by the jury on ample evidence, to have taken place. When the plaintiff demanded his compensation, it was refused, hence this suit.

The agreement between the parties was made in 1895 or earlier, the sale took place in the fall of 1895, about the month of November, and this case was tried in the court below on September 25 and 26, 1897. These dates are quite important, in view of the main defense set up, and the nature of the evidence relied on to sustain it.

At the trial the defendant, in addition to denying the contract, alleged that the plaintiff was a real estate broker and was

not entitled to recover, because he had not the license required by Act of April 10, 1849, sec. 18, P. L. 573. This is the only matter of defense urged here.

The evidence that the plaintiff was a real estate broker when he made his contract with the defendant, or found the purchaser, was not so clear as to justify the court in saying, as a matter of law, that he was one at that time. This question was, therefore, properly referred to the jury who found in the plaintiff's favor.

The plaintiff does not speak English with ease or correctness, and in testifying regarding the matter, nearly always spoke in the present tense. Whether he meant, by any of his answers, to convey the idea that he had been buying and selling real estate for others as a business, as far back as the year in which the defendant's property was sold, was so uncertain, as to make it the duty of the court to leave the question to the jury, as one of fact. Outside of the plaintiff's own testimony, there is not much to show that he was a real estate broker at any time. It is true, that another witness stated that the plaintiff had "bought or sold several properties" before he had acted for the defendant, but an occasional or casual sale does not necessarily make the negotiator thereof a broker, within the meaning of the act: Chadwick v. Collins, 26 Pa. 138.

We quote from the decision just cited: "Any person may lawfully employ one, who is not a real estate broker, to buy or sell real estate, and when such employment takes place, and labor is done under the employment, it must be paid for; at all events, the law will not lend its aid to the employer, to defraud the employee out of his just reward.

"Practically there is no difficulty in ascertaining who are engaged in the business or occupation of real estate brokers. It is those who hold themselves out to the public as such, generally having offices or places of business, the character of which is indicated by clear and unmistakable evidence."

As the plaintiff in the present case did not declare as a professional real estate broker, but rested his claim on a special contract, made as an ordinary individual with the defendant, it devolved on the latter if he chose to defend on the ground that the plaintiff was a broker, to show that fact, in some way. This, he contends, was done through the plaintiff's own admissions in his testimony. Had the inquiry related to the fact of the

plaintiff having been engaged in the business or occupation of a real estate broker at or about the time of the trial, or within a few months before, instead of at an earlier period, the statements he made in testifying might have warranted the court in holding, that he was subject to the act and, therefore, bound to have a license, although he denied that he was a broker and it did not appear that he advertised or had an office. But, the important question was, whether he was a broker as early as 1895, and this under the doubtful evidence was for the jury to decide.

The case of Johnson v. Hulings, 103 Pa. 498, relied on by the defendant, does not govern the one in hand. There the plaintiff admitted and the jury, in a special verdict, found that at the very time the contract sued on was made, he was engaged in buying and selling real estate for others, on commission, as a business, and had no license.

In view of the finding of the jury, in the present case, that the plaintiff, at the time of his dealings with the defendant, was not a real estate broker, it is unnecessary to consider the evidence relating to the matter of the license.

Judgment affirmed.