# Raeder v. Butler, Appellant.

*Principal and agent—Real estate broker — Commissions — Evidence— Question for jury.*

In an action to recover commissions for the sale of real estate, where the evidence offered by the defendant to the effect that the plaintiff was a real estate broker without license, is more than mere scintilla, the case is for the jury. In such a case a written contract between the parties by which the plaintiff was to sell real estate belonging to the defendant for a commission is some evidence bearing upon the plaintiff's business.

The expression "placed in the hands of . . . . to be sold" used in a contract by which one person agrees to sell the land of another for a commission, does not confer upon the agent a right to the possession of the real estate. It is a familiar form of expression used to indicate the appointment of an agent for the sale of property.

The legislation requiring a real estate broker to take out a license is not intended to prevent a person whose business and occupation is not that of a real estate broker from receiving compensation for services rendered in buying and selling real estate belonging to another.

Where a person agrees to sell real estate to another for a price not less than $25,000, and "to have for his time, trouble, services and advertising $500 commissions," and if the property is sold by another to be paid "commission aforesaid for his time, trouble, services and advertising," and the owner sells the property himself for a sum less than $25,000, the agent is entitled, if he has performed the duties imposed upon him by the contract, to two per cent on the price realized.

Argued Jan. 14, 1902. Appeal, No. 25, Jan. T., 1902, by defendant, from judgment of C. P. Luzerne Co., March T., 1899, No. 206, on verdict for plaintiff in case of W. L. Raeder v. C. E. Butler. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Assumpsit to recover commissions for the sale of real estate. The opinion of the Superior Court states the case.

The court charged as follows :

The action is one of assumpsit, and is brought by W. L. Raeder against C. E. Butler. It is based upon a written promise made by Mr. Butler to Mr. Raeder, the fulfillment of which has not been performed on the part of Mr. Butler, the defendant, and to enforce the fulfillment of which this suit is now here by the plaintiff against the defendant. On March 19, 1896, Mr. Butler and Mr. Raeder entered into a contract. Mr. Raeder was at that time a member of this bar and had been since 1881. In conjunction with that business he had a real estate business. Now the trouble comes here, as to the enforcement of this contract, upon a question as to whether he was a broker in his real estate business or not. Because, if he was a real estate broker, then under the law, he would be bound and compelled to take out a license, paying the license fee. And if you should find that he was a broker and the license had not been taken out, then there could be no recovery under this contract.

This contract, gentlemen, is here for the construction of the court. We are called upon to lay before you our views as to the character of this contract. A broker is an agent who operates between persons desiring to sell and those desiring to buy. That is a simple statement of the relation existing between a broker, a buyer and a seller. If the person has possession of the thing sold, or the right to possession of it, then he is not a broker. Now, under this contract, has this plaintiff the right to the possession of the property sold? The words of the contract covering this important feature of the case are these: "Witnesseth, that C. E. Butler has placed in the hands of W. L. Raeder for the period of twelve months and thereafter until withdrawn by sixty days' written notice, the following described property, to wit." [Under the exact language of this contract the possession or the right of possession of this property was placed in the hands of Mr. Raeder for sale. Therefore that distinguishing feature is wanting here to make Mr. Raeder a broker, namely, that he did not have possession, but that he occupied the relation of bringing the buyer and the seller together. If he simply occupied that relation, then he was a broker. If he had the right to the possession of this property, then he was not a broker, and if he was not a broker, then he was not bound to take out a license, and if he did not take out a license, then this contract could be enforced.] [1] Then there is another reason, gentlemen of the jury. This contract is in two parts. The first part is that he shall be compensated for the sale within the limitations of the contract. The limitation of the contract is twelve months and sixty days' written notice thereafter,—until withdrawn by sixty days' written notice thereafter. The sixty days' notice of the withdrawal had not been given at the time of the sale of the property, therefore the contract was in force at that time. Now, as to the second portion of the contract. "And it is further agreed and understood by and between the said parties that if said property is sold or exchanged in the mean time by some one else he, the said C. E. Butler, agrees to pay Raeder commission aforesaid for his time, trouble, services and advertising of said property which W. L. Raeder agrees to try to sell and advertise as they think best and proper, and in consideration of said services and advertising said commissions are to be paid." Under this contract the de-

fendant had the right to make sale of this property, in our judgment, and he did make sale of the property in September, 1898. Having made sale of the propepty in September, 1898, and not having been made by the plaintiff here, then the second part of this contract comes up for your consideration, and that is the important question of fact for you to consider in reaching a conclusion here as to the contention between the plaintiff and the defendant. In reaching that conclusion, gentlemen of the jury, you must find by the testimony in the case that the covenants and the obligations to be kept, fulfilled and performed on the part of the plaintiff here were kept and fulfilled. He must adduce that testimony here to you and show you that his part of this contract was complied with. He must show you from the testimony that he gave time in an effort to make sale of this property; that he had trouble in connection with it; that he exerted himself; that he gave his service to Mr. Butler the defendant here, in an effort to make sale of this property and he advertised the property in order to get purchasers for the property. It does not necessarily follow that as a result of this work or of these items in this covenant the sale was effected. But he must have complied with this part of the contract and he must have shown you by competent evidence that he did comply with the terms of this contract as to time, trouble, services and advertising of said property. [Gentlemen of the jury, there is another question here, and that is as to what this compensation is. It says, " C. E. Butler agrees to pay said Raeder commission aforesaid." Commission, in our judgment, is the percentage of the price obtained for the property. The commission aforesaid, if it had been sold for $25,000, was $500. That is two per cent. Therefore we instruct you that the commission, if you should find that Mr. Raeder did give his time, his trouble, his services and advertising of said property, would be the same, namely, two per cent of the amount realized from the sale of the property to Mr. Becker in September, 1898.] [2]

Verdict and judgment for plaintiff for $337. Defendant appealed.

*Errors assigned,* among others, were (1, 2) above instructions, quoting them.

*Edmund G. Butler*, with him *Asa R. Brundage*, for appellant.—There was sufficient evidence for submission to the jury that plaintiff was a real estate broker: Johnson v. Hulings, 103 Pa. 498; Hedden v. Shepherd, 5 Dutcher (N. J.) 334; Pratt v. Patterson, 112 Pa. 479; Gibson's Est., 161 Pa. 177; Arthur v. Sylvester, 105 Pa. 28; Jackson v. Carrick, 25 W. N. C. 132; Hill v. Jones, 152 Pa. 433.

Compensation and not forfeiture is the rule, compensations for services actually rendered and for expenses actually incurred: Moore v. Colt, 127 Pa. 289; Pennypacker v. Jones, 106 Pa. 237; Kunkel v. Wherry, 189 Pa. 198; Keck v. Bieber, 148 Pa. 645; Emery v. Regester, 17 Pa. Superior Ct. 482; Ebertz v. Heisler, 12 Pa. Superior Ct. 388.

*M. J. Mulhall*, for appellee.—If there was evidence from which the jury might find the facts and they were within its province, such finding is conclusive: Christner v. John, 2 Pa. Superior Ct. 78; Bartlett v. Kingan, 19 Pa. 341; Bolton's Appeal, 3 Grant, 204; Owens v. Wehrle, 14 Pa. Superior Ct. 536.

The controlling element in determining whether a lump sum fixed upon by the parties is to be considered a compensation or penalty is the intent of the parties and the special circumstances of the case: Keck v. Bieber, 148 Pa. 645; Shepler v. Scott, 85 Pa. 329; Coles v. Meade, 5 Pa. Superior Ct. 334.

OPINION BY WILLIAM W. PORTER, J., March 14, 1902:

The plaintiff sues on a written contract under seal, dated March 19, 1896. It recites that the defendant "has placed in the hands of W. L. Raeder for the period of twelve months, and thereafter until withdrawn by sixty days' written notice," certain described real estate "to be sold by W. L. Raeder at a price not less than $25,000; the said W. L. Raeder to have for his time, trouble, services and advertising, $500 commission. And said C. E. Butler agrees to make perfect and unincumbered title for said property at price aforesaid." It was further agreed that if the said property should be "sold or exchanged in the mean time by some one else, he, said C. E. Butler, agrees to pay said Raeder commission aforesaid, for his time, trouble, services and advertising of said property, which W. L. Raeder

agrees to try to sell and advertise as they (he) think best and proper, and in consideration of said services and advertising said commissions are to be paid." The property was not sold within twelve months. Butler, the defendant, sold it himself on August 2, 1898, for less than $25,000, and without giving the sixty days' notice of withdrawal provided for in the written contract with Raeder, who now claims the payment of the $500.

Butler, the defendant, to escape liability on his contract (which he says he did not read), asserts, first, that the plaintiff dealt as a real estate broker and that he had no license, whereby the contract became illegal and void; and second, that under the terms of the contract the commission in case of a sale made by another than the plaintiff was to be paid only in consideration of services and advertising by the plaintiff, and that he failed to perform the services and to advertise as contemplated by the contract.

As to the first matter. The plaintiff testified that when he executed the contract with the defendant he was not a real estate broker, and that he had never taken out a license as such. He proved that he was a member of the bar, and that for himself and clients he sold and took charge of real estate. The defendant sought to prove that the plaintiff was doing a real estate brokerage business without license and was, therefore, unable to enforce his contract. See Johnson v. Hulings, 103 Pa. 498. The evidence to prove this was feeble but more than a scintilla. The written contract which the plaintiff relied upon was of a character to bring it within the general business of a real estate broker, if made by one engaged in such occupation, since the subject-matter was the sale of real estate for another and the compensation was by commission. The court below erred in holding that the phrase, " placed in the hands of . . . . to be sold," used in the contract, conferred upon the plaintiff a right to the possession of the defendant's property. It is a familiar form of expression used to indicate the appointment of an agent for the sale of property. The first question for the jury was, then, whether the plaintiff was a real estate broker: Yedinskey v. Strouse, 6 Pa. Superior Ct. 587. If he was, having no license, his right to recover his stipulated commission was gone: Johnson v. Hulings, supra.

If he was not, he could enforce his contract, since the legislation requiring the license did not intend to prevent a person whose business and occupation was not that of a real estate broker from receiving compensation for services rendered in buying and selling real estate belonging to another: Chadwick v. Collins, 26 Pa. 138; Coles v. Meade, 5 Pa. Superior Ct. 334.

As to the second matter. The compensation whether the sale is made by the plaintiff or another is designated as a commission, which is compensation based upon a percentage on the sale price. The commission, if the plaintiff made the sale, was two per cent on the price to be secured. The sale made by the defendant was for a less price than the plaintiff was required to get. In this case, on performance of the duties imposed upon him by the contract, the plaintiff was entitled to the same percentage as commission on the price realized. This was the position taken by the court below and it is approved by a majority of this court.

It will be seen that some of the views herein expressed differ from those held by the court below. What has been said will sufficiently guide the court on a retrial, without reviewing specifically the several assignments of error.

The judgment of the court below is reversed, and a venire facias de novo is awarded.