## Meyer, Appellant, *v.* Wiest.

*Brokers — Merchandise brokers — Transaction of business in Pennsylvania—License—Failure to take out license—Recovery of commissions—Act of May 7, 1907, P. L. 175.*

In an action to recover commissions on the sale of a store situated in Pennsylvania, it appeared that plaintiff had visited the store at defendant's request; .that defendant had entered into a contract with plaintiff whereby he agreed to pay him a stipulated commission if he should procure a purchaser for the store; that plaintiff was engaged in business in New York where he frequently negotiated for the purchase or sale of entire stores and stocks of merchandise in his own state and in other states including Pennsylvania; that in the year preceding the trial he had been visited by more than one thousand proprietors of drygoods and department stores who were seeking to sell their business, or to procure partners, or raise additional capital; that he had at his office a list of stores for sale and that on at least one occasion he advertised as being in the brokerage business; that he maintained offices for a time in Pennsylvania, buying and selling stocks of merchandise on commission and finding buyers for prospective vendors of store properties, though it was not made clear whether this was before or after the sale of plaintiff's store. It appeared that plaintiff had not taken out a merchandise broker's license in Pennsylvania as required by the Act of May 7, 1907, P. L. 175. The trial judge left it to the jury to determine whether plaintiff was engaged in business as a merchandise broker.at the time of the sale of defendant's store and charged that in such case his failure to take out a license would preclude recovery. The jury found a verdict for defendant upon which judgment was entered. *Held,* no error.

Argued May 19, 1915. Appeal, No. 209, January T., 1915, by plaintiff, from judgment of C. P. York Co., August T., 1914, No. 25, on verdict for defendant in case of Alexander H. Meyer v. Harry S. Wiest. Before BROWN, C. J., POTTER, ELKIN, MOSCHZISKER and FRAZER, JJ. Affirmed.

Assumpsit for the recovery of commissions for the sale of a merchandising business. Before WANNER, P. J.

The opinion of the Supreme Court states the facts.

Upon the trial the court admitted testimony elicited from the plaintiff on cross-examination to the effect that he had no merchandising broker's license in the State of Pennsylvania during the pendency of the negotiations for the sale. (1)

Verdict for defendant, and judgment thereon. Plaintiff appealed.

*Errors assigned* were (1) ruling on evidence and answers to points.

*Henry C. Niles,* with him *Michael S. Niles, Charles A. May* and *George E. Neff,* for appellant.

*W. F. Bay Stewart,* of *Stewart & Gerber,* for appellee.

OPINION BY MR. JUSTICE FRAZER, July 3, 1915:

Plaintiff, a resident of New York City, was engaged in the business of representing the owners of dry goods stores in the New York market, making purchases for them and keeping them informed of merchandise movements in that city. In connection with this business he frequently negotiated for the purchase or sale of an entire store or stock of merchandise, not only in his own state but in various other parts of the country, including Pennsylvania. He testified that in the prosecution of his business during the year preceding the trial in the court below he was visited by more than 1,000

proprietors of dry goods and department stores who were seeking to either sell their business or procure partners or raise additional capital. Defendant was owner of a department store at York, Pennsylvania, which he desired to sell. About September 20, 1912, he called at plaintiff's office in New York City and as a result of that visit plaintiff a few days later visited York for the purpose of examining defendant's business and at that time entered into a contract in the form of a letter from defendant by which plaintiff undertook to procure a purchaser for defendant's store and the latter agreed to pay to plaintiff as compensation for his services a commission of five per cent. on the first one hundred thousand dollars and two and one-half per cent. on any amount over that sum which he succeeded in securing from the purchaser, in the event of a sale. In his efforts to obtain a purchaser, plaintiff entered into negotiations with various persons and firms in New York, Pennsylvania and elsewhere. In September, 1913, defendant's store was sold to Leon S. Hydeman, of New York City, and on refusal of defendant to pay plaintiff the commission provided for in the contract, this action was brought. At the trial the testimony raised two questions both of which were submitted to the jury by the trial judge as follows, (1) Was plaintiff instrumental in procuring a purchaser for defendant's store? (2) Was plaintiff carrying on the business of a merchandise broker in Pennsylvania without first having taken out a license as required by the Act of May 7, 1907, P. L. 175. Following a verdict in favor of defendant and the refusal of a new trial, plaintiff appealed.

It is not denied that it was for the jury under the evidence to determine whether or not the purchaser was procured by plaintiff, nor is it claimed the question was not properly submitted by the trial judge. The only question therefore raised in this appeal requiring consideration is whether the trial judge erred in charging the jury that if they found plaintiff was carrying on business as a mer-

chandise broker in Pennsylvania without a license, he would not be entitled to recover his commission. Plaintiff admitted on the witness stand he was not licensed to do business in Pennsylvania and contended he was not in fact carrying on business in this State within the meaning of the Act of 1907, and further, there was not sufficient evidence in the case to warrant submission of this question to the jury.

The Act of 1907 supplements earlier legislation governing the licensing of various classes of brokers including merchandise brokers, which it defines as "Those who for a commission or other compensation make contracts for the sale or purchase of personal property for others." Neither this act nor prior legislation prohibits a person whose business or occupation is not that of a broker from receiving compensation for services rendered in single transactions of buying or selling real estate, or other property, for another: Chadwick v. Collins, 26 Pa. 138; Ræder v. Butler, 19 Pa. Superior Ct. 604. If, however, a person is actually engaged as a broker the procuring of a license is a condition precedent for the lawful transaction of business and consequently to the recovery of compensation for services rendered: Johnson v. Hulings, 103 Pa. 498; Luce v. Cook, 227 Pa. 224. Whether under the facts of a particular case a person is carrying on the business of a broker is for the jury: Ræder v. Butler, supra. Plaintiff contends there was not sufficient evidence that he was engaged in the business of a merchandise broker, to warrant the submission of that question to the jury. In addition to the facts above stated as to the nature of plaintiff's business, and the manner in which it was conducted, plaintiff admitted having in his office in New York City a list of stores for sale and also a list of prospective purchasers, and that on at least one occasion he advertised as being in the brokerage business. In answer to the question whether he was not doing a merchandise brokerage business, he said "No, I wouldn't call it that. That ques-

tion comes up once in a while." Also in answer to a question as to the nature of his business when his office in the City of Wilkes-Barre, this State, was opened, said "Selling and buying on commission" and being asked whether he was "Finding a buyer for a man who had a store to sell" replied in the affirmative. The contract with plaintiff entitles him to a commission if he succeeded in selling defendant's business and was not liable in this State for a broker's license. It has been held the nature of the contract between the parties is in itself competent evidence as to whether plaintiff was acting as a real estate broker: Ræder v. Butler, supra. While the admission of plaintiff concerning the opening of an office in Wilkes-Barre, is somewhat vague and indefinite as to time, he made no effort to fix a time either prior or subsequent to the negotiations for the sale of defendant's store. Such admission, taken in connection with the other facts and circumstances in the case, was sufficient to warrant submission of the question to the jury.

The first assignment of error is that the court erred in permitting plaintiff to be asked on cross-examination whether during the time the sale of defendant's store was pending, he had a merchandise broker's license in Pennsylvania. Had there been no evidence tending to show he was carrying on the business of a merchandise broker in this State, the objection to the question might have been well founded, but upon the introduction of evidence tending to show that he was doing business in this State in violation of the provisions of our statutes, the question whether or not he had obtained a license, immediately became relevant and material. We are not convinced of error in the rulings of the lower court.

The assignments of error are overruled and the judgment of the lower court affirmed.