# Lowry *v.* Yutzy, Appellant.

*Principal and agent—Real estate broker—Commissions—License.*

Where a person claims for services rendered about the sale of real estate under a contract, and not as a real estate broker, it devolves on the employer, if he relies on the fact that plaintiff was a real estate broker, to show that fact, and the question when properly raised is for the jury. Any person may lawfully employ one, who is not a real estate broker, to buy or sell real estate, and when such employment takes place and labor is done under the employment, it must be paid for.


*Principal and agent—Real estate broker—Agreement to pay commissions—Revocation of agreement—Case for jury.*

In an action to recover commissions for the sale of real estate, where it appears that the defendant had agreed in writing to pay commissions, but had not given the plaintiff any exclusive right to negotiate for the sale of the property, the defendant may show that he had cancelled the agreement before the plaintiff had done anything towards the sale of the property, and if he does testify to this effect, it is reversible error for the court to charge the jury that there was no evidence that the contract was cancelled before the sale, and that therefore they should not consider that question.


Argued May 13, 1915.    Appeal, No. 108, April T., 1915, by defendant, from judgment of C. P. Somerset Co., Feb. T., 1914, No. 14, on verdict for plaintiff in case of J. C. Lowry *v.* Austin Yutzy. Before RICE, P. J., OR-LADY, HEAD, PORTER, HENDERSON, KEPHART and TREX-LER, JJ. Reversed.


Assumpsit to recover commissions for the sale of real estate.

At the trial it appeared that the contract to pay commissions was in writing, but was unlimited as to time, and gave plaintiff no exclusive right to negotiate the sale. The defendant testified that he had cancelled the con-

tract before the plaintiff had done anything towards the sale of the property.

The court charged in part as follows:

[Now, gentlemen, two defenses were set up here and have been spoken about in the case which you must ignore, that is, one defense that Mr. Lowry was a broker and had no license and therefore could not charge this commission—that you have nothing to do with, the court will pass upon that.]   [The next question was raised during the trial of this case that there was a rescission of this contract.  Now gentlemen, this contract in the first place was unlimited, no time was fixed, Mr. Yutzy had a right to cancel that contract at any time that he desired, but there is no evidence in the case that would permit you to say that this contract was cancelled before the sale was made to Brugh and therefore you need not consider that question.  While I say that Mr. Yutzy had a right to cancel this contract at any time he did not have a right to do so after Mr. Lowry sent him a purchaser and then cancel it for the purpose of getting rid of the commission.  He could have done it before the purchaser came, he could have put it in any other man's hands at the same time or sold the farm himself but he had no right to wait until Mr. Lowry's purchaser came to him to buy the farm and then cancel the contract as between them.]

Verdict and judgment for plaintiff for $702.09.  Defendant appealed.

*Errors assigned* were (2, 3) above instructions quoting them.

*Norman T. Boose,* for appellant.—If the plaintiff was engaged in the real estate business without having a broker's license, he is not entitled to recover: Yedinskey v. Strouse, 6 Pa. Superior Ct. 587; Sprague v. Reilly, 34 Pa. Superior Ct. 332; Luce v. Cook, 227 Pa. 224; Shaw's Est., 16 D. R. 166.

173, (1916).]    Arguments—Opinion of the Court.

Under the uncontradicted testimony, the question of revocation of the plaintiff's agency before making any efforts to sell the defendant's farm should have been submitted to the jury: Perrine v. Jermyn, 163 Pa. 497.

*J. A. Berkey,* with him *J. C. Lowry* and *C. L. Shaver,* for appellee.—The burden was on defendant to show that plaintiff was a real estate broker: Yedinskey v. Strouse, 6 Pa. Superior Ct. 587; Chadwick v. Collins, 26 Pa. 138; Coles v. Meade, 5 Pa. Superior Ct. 334; Raeder v. Butler, 19 Pa. Superior Ct. 604; Callaway v. Prettyman, 218 Pa. 293.

In view of the testimony and statements made by Mr. Yutzy in April, 1913, that he had the property with Mr. Lowry for sale and that he would try to get it out of his hands his testimony as to revocation by parol in January preceding must necessarily be given no weight whatever.

OPINION BY HEAD, J., March 1, 1916:

In this action the plaintiff sought to recover from the defendant for certain services alleged to have been rendered in connection with the sale of the defendant's farm.    It is not denied the defendant authorized the plaintiff to secure a purchaser for his farm for the price of $13,600.00 and agreed to pay for such services a sum equal to five per cent. of the selling price.    This arrangement was evidenced by a writing not under seal and is not in any way the subject of dispute between the parties.    Upon the trial the defendant took defense on three grounds.    First, that the plaintiff was in no way instrumental in bringing about the sale which was made, but that he, the defendant, negotiated and consummated it himself without any aid or assistance from the plaintiff. This of course raised an issue of fact.    The evidence concerning it was conflicting, but there was testimony which, if believed by the jury as it certainly was, would support a finding that the plaintiff or his agent had

brought the matter to the attention of the man who finally purchased the property. The learned trial judge submitted this question in a fair and impartial manner and with correct instructions to the jury, and the defendant has no ground for complaint in this respect.

The defendant next sought to prevent a recovery on the ground that the plaintiff had failed to take out a license as a real estate broker, and consequently could not successfully seek the aid of the courts to enforce the payment of the commission. There is no doubt about the principle referred to, but there was an entire lack of evidence in the case to show the plaintiff was a real estate dealer or broker within the meaning of the statute requiring such dealers and brokers to take out a license. The burden of establishing that he was such a dealer was on the defendant and he clearly failed to discharge it. "Where a person claims for services rendered about the sale of real estate under a contract and not as a real estate broker, it devolves on the employer, if he relies on the fact that plaintiff was a real estate broker, to show that fact, and the question when properly raised is for the jury. Any person may lawfully employ one, who is not a real estate broker, to buy or sell real estate, and when such employment takes place and labor is done under the employment, it must be paid for": Yedinskey v. Strouse, 6 Pa. Superior Ct. 587. But the evidence is wholly barren of any facts to show that the plaintiff was such broker or dealer, and as a consequence the learned trial judge was right in withdrawing that question from the consideration of the jury.

But the defendant set up the further defense that before anything had been done by the plaintiff under the written authority heretofore referred to, he had revoked that authority and told the plaintiff he had changed his mind in regard to the sale of the property. The learned trial judge properly instructed the jury that, under the written contract, the plaintiff acquired no exclusive right to negotiate for the sale of the property, and it was

entirely within the power of the defendant to revoke the authority he had given, if such revocation were made before the plaintiff had done anything towards bringing about the sale. But the learned judge further declared in his charge "There is no evidence in the case that would permit you to say that this contract was cancelled before the sale was made to Brugh, and therefore you need not consider that question." (Third assignment.) In this instruction we think the court erred. He had already stated, earlier in his charge, that it was probably in April, 1913, that Naugle, the agent of the plaintiff, first spoke to Brugh, the subsequent purchaser, about this farm. The defendant himself testified that early in January of 1913 he met the plaintiff on the street and asked him if he had made any sale of the farm yet and he replied he had not. "I said you needn't mind about that. I don't want to sell it at this time, and then I wrote this notice on the 8th of January." He further testified he mailed the letter of the 8th of January to the plaintiff and he produced what purported to be a copy of it retained by him. He added he had received a reply from the plaintiff acknowledging the receipt of his letter of revocation and that he had it at home. The court was adjourned for a day to give him an opportunity to produce it, but he was unable to do so.

It is further true, as remarked by the learned judge in his opinion on the motion for judgment non obstante veredicto, the defendant had not set up this alleged revocation as a matter of defense either in his affidavit of defense or in his special plea. Doubtless an objection to the admission of the evidence on that ground might have been sustained, but no objection was made and the evidence was admitted. Being in the record, it cannot be denied its probative value. If in point of fact defendant did, in the early part of January, 1913, withdraw the authority he had previously given the plaintiff, there would be room for the jury to find this was before any active steps had been taken by the plaintiff looking to the execu-

tion of his power.   It is more than possible, considering all of the circumstances of the case, the preponderance of the testimony on the question of the alleged revocation is with the plaintiff and the jury would so have found. But the determination of that question, under the evidence, became one of fact for the jury and not one of law for the court.   In all other respects we are of the opinion the case was well tried but we are unable to escape the conclusion that the third assignment of error is a substantial one and must be sustained.   All of the other assignments are overruled.

Judgment reversed and a venire facias de novo awarded.