## Ord v. Baizley, Appellant.

*Brokers—Commission—License—Sale of dredge—Act of Congress of June 30, 1864—Mercantile Tax Act of May 7, 1907, P. L. 165.*

A person who sells a dredge as the result of an isolated and personal negotiation may recover commissions for such sale although he is not a licensed broker under the Act of Congress of June 30, 1864, or the Mercantile Tax Act of Pennsylvania of May 7, 1907, P. L. 165, if it appears that he never held himself out as a broker, had never made sales of machinery on his personal account, and had never charged any commissions for sales made.

Argued Dec. 13, 1915. Appeal, No. 136, Oct. T., 1915, by defendant, from judgment of Municipal Court, Philadelphia Co., Dec. T., 1914, No. 136, on verdict for plaintiff in case of R. Laird Ord v. Rudolph R. Baizley. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Assumpsit to recover commissions for the sale of a dredge. Before WHEELER, J.

The opinion of the Superior Court states the case.

Verdict and judgment for plaintiff for $347.70. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*O. W. Payran,* with him *W. J. Shaeffer,* for appellant, cited: Holt v. Green, 73 Pa. 198; Earp v. Cummins, 54 Pa. 394.

*John D. McMullin,* for appellee, cited: Peters v. Holmes, 45 Pa. Superior Ct. 278; Lamb v. Elder, 56 Pa. Superior Ct. 522; Shepler v. Scott, 85 Pa. 329.

OPINION BY ORLADY, P. J., March 1, 1916:

In this action to recover a commission on the sale of a dredge, it was shown beyond any doubt that the plaintiff was not such a broker as is contemplated by Section 71, of the Act of Congress of June 30, 1864, nor of the Mercantile Tax Act of May 7, 1907. He had never made any sales of machinery on his personal account and had never charged or received any commissions for sales made, so that not having a broker's license did not prevent his right to recover. As held in Chadwick v. Collins, 26 Pa. 138, practically there is no difficulty in ascertaining who are engaged in the business or occupation of brokers. It is those who hold themselves out to the public as such, generally having offices or places of business, the character of which is indicated by clear and unmistakable evidence: Yedinsky v. Strouse, 6 Pa. Superior Ct. 587; Raeder v. Butler, 19 Pa. Superior Ct. 604.

The sale in this instance was an isolated and personal negotiation for a special article and it was for the jury to say whether the contract of employment had been established by the preponderance of evidence. The court, subsequent to the trial, and on review of the whole record, dismissed a motion for a judgment non obstante veredicto, and as the whole controversy was largely a question of veracity, and was fairly submitted to the jury, we do not find any error in the trial to warrant a retrial of the case.

The judgment is affirmed.