## Webb *v.* Rachmil, Appellant.

*Brokers—Real estate brokers—Transaction of business—License
—Failure to take out license—Recovery of commissions—Act of
May 7, 1907, P. L. 175.*

The Act of May 7, 1907, P. L. 175, does not prohibit a person whose business is not that of a broker from receiving compensation for services rendered in single transactions of buying or selling real estate or other property for another.

If, however, a person is actually engaged as a broker, the procuring of a license is a condition precedent for the lawful transaction of business. In such case it is necessary that he should have procured such a license before he can recover compensation for services rendered. Whether or not under the facts of a particular case a person was actually engaged in the business of a real estate broker at the time he rendered the services, for which compensation was demanded, is a question for the jury.

Submitted October 6, 1920. Appeal, No. 110, Oct. T., 1920, by defendant, from judgment of Municipal Court of Philadelphia, August T., 1919, No. 130, on verdict for plaintiff in case of Harold Webb v. Elizabeth Rachmil. Before ORLADY, P. J., PORTER, HENDERSON, HEAD TREXLER, KELLER and LINN, JJ. Affirmed.

Assumpsit for the recovery of commissions for the sale of real estate. Before CRANE, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $422.58 and judgment thereon. Defendant appealed.

*Error assigned,* among others, was the refusal of defendant's motion for judgment non obstante veredicto.

*Max Herzberg,* for appellant.

*Sundheim, Foltz and Sundheim,* for appellee.

OPINION BY HEAD, J., December 10, 1920:

It is undoubtedly true that, under the laws of the State of Pennsylvania, one who is engaged in the business or occupation of a real estate broker, and who has not obtained the license required by the statutes, may not successfully invoke the aid of the courts to recover compensation for services rendered as such broker, even where there has been a special agreement providing for the payment of the same. The reason is a plain one and has been fully and convincingly stated in the opinion of Mr. Justice MOSCHZISKER in Luce v. Cook, 227 Pa. 224.

The Act of the 7th of May, 1907, P. L. 175, declares in its title that its purpose is "To provide revenue by imposing a license tax on all......real estate brokers and agents," etc. Section 2 of the statute, clause f, thus defines those persons dealing with real estate, upon whom the license tax is to be imposed: "Real estate brokers and agents are those who buy, sell, or rent real estate or collect rent therefrom, or negotiate loans upon real estate security, for a commission or other compensation." It has been the purpose of all of the statutes, of which the Act of 1907 is but one, to raise revenue, and it has been uniformly held by the courts, in all of the cases, that there is nothing in any of the statutes, or the decisions construing them, that will prevent a private individual, not engaged in the business of buying or selling real estate, from collecting an agreed on compensation for services rendered in an isolated transaction involving a sale of real estate. It was said by President Judge ORLADY in Ord v. Baizley, 62 Pa. Superior Ct. 395, "He (the plaintiff) had never made any sales of machinery on his personal account, and had never charged or received any commission for sales made, so that not having a broker's license did not prevent his right to re-

covery." Necessarily, therefore, cases will arise where the controlling question becomes one of fact to be determined by a jury under proper instructions from the court. If, under the peculiar circumstances of a particular case, it should be determined that the plaintiff had been engaged in the business of a real estate broker or agent, without having first secured a license, it would follow that the courts could render him no aid in securing compensation even for meretorious services and even though the defendant had expressly agreed to pay for them. But the whole of the legal principle that controls in the case before us has been recently stated in authoritative terms in the opinion of Mr. Justice FRAZER in Meyer v. Wiest, 250 Pa. 573, in this language: "Neither this act (Act of 1907) nor prior legislation prohibits a person whose business is not that of a broker from receiving compensation for services rendered in single transactions of buying or selling real estate, or other property, for another: Chadwick v. Collins, 26 Pa. 138; Raeder v. Butler, 19 Pa. Superior Ct. 604. If, however, a person is actually engaged as a broker the procuring of a license is a condition precedent for the lawful transaction of business and consequently to the recovery of compensation for services rendered: Johnson v. Hulings, 103 Pa. 498; Luce v. Cook, 227 Pa. 224. Whether under the facts of a particular case a person is carrying on the business of a broker is for the jury: Raeder v. Butler, supra."

In the case at bar there were some statements made by the plaintiff, during the course of his examination, that gave some color to the claim of the defendant that he was actually engaged in the business of a real estate broker at the time he admittedly rendered the services for which she had agreed to pay. He explicitly denied that he was at that time so engaged. He declared that he was and had been a teller in a bank; and that on the first of March, 1919, he gave notice that he was going to leave the bank altogether and go into the real estate

business.   On the third of March he mailed his application, together with a check for the amount of the license fees, to the city treasurer.   He did not actually receive the license until the sixth of March.   The agreement between the defendant and the purchaser secured by the plaintiff was drawn up and signed on the fourth of March.   It was shown, by his own admissions, that he had stationery prepared, in which he advertised himself as a real estate broker, and that he had a sign printed to the same effect.   These, according to his theory, were obtained in preparation for the beginning of the business of a real estate broker after he had obtained his license.

We have said enough to show that, in our judgment, this was precisely the character of the case referred to by Mr. Justice FRAZER in the language we have already quoted, and we cannot conclude that the learned trial judge was in error in submitting to the jury, as a question of fact to be found by them, whether or not the plaintiff actually was engaged in the business of a real estate broker, at the time he rendered the services for which he now seeks compensation.   As a consequence the learned trial judge could not have affirmed the defendant's single point for a binding direction in her favor, and his refusal so to do, followed by a dismissal of a motion for judgment non obstante veredicto, are the only assignments of error.

They must be dismissed.   The judgment is affirmed.