From C. P. Addams, Harrisburg, Pa.

---

## Wills & Co. v. Lefevre.

*Real estate broker—Question for jury—License—Burden of proof—Act of May 7, 1907.*

While, if there is a question whether or not a plaintiff, in a suit for commissions for the sale of real estate, is a real estate broker requiring a license under the Act of May 7, 1907, P. L. 175, that question is for the jury and is a matter of defence, yet, where he admits having been engaged as a broker, he must show as a condition precedent to recovery that he had obtained such license, and a failure to do so is ground for compulsory non-suit.

Rule to strike off judgment of non-suit. C. P. Lancaster Co., June T., 1923, No. 55.

*John M. Groff*, for rule; *Charles G. Baker*, contra.

HASSLER, J., Jan. 17, 1925.—In this action the plaintiff sought to recover commissions for the sale of a house and lot of ground, in this city, for the defendant. At the trial we entered a non-suit for the reason that the plaintiff failed to show that he had secured a license as a real estate broker. This we are now asked to strike off.

It appeared in the plaintiff's testimony at the trial that through his efforts a house and lot belonging to the defendant, located at No. 220 North Duke Street, this city, was sold to George R. Huber for the sum of $10,000, and that he had been employed by the defendant to sell it. The plaintiff testified that during the month of January, 1923, when the sale was made, he was engaged as a real estate agent and real estate broker in the City of Lancaster. It did not appear in the testimony that he had obtained a license as required by the Act of May 7, 1907, P. L. 175, which supplements other acts of assembly on this subject.

It is contended by the plaintiff that a non-suit should not have been entered, for the reason that the plaintiff's failure to obtain a license was a matter of defence and a question for the jury, and that we should have left it for the jury to decide. There is no question that where the testimony is conflicting as to whether the plaintiff was a real estate broker at the time he sold the property for the defendant, it is a question for the jury to decide. The court, too, must instruct the jury that if they find the plaintiff was a real estate broker at that time and had failed to obtain the license required by law, he could not recover: Johnson v. Hulings, 103 Pa. 498; Sprague v. Reilly, 34 Pa. Superior Ct. 332; Meyer v. Wiest, 250 Pa. 573; Ullman v. Hantsch, 28 Dist. R. 958.

In Webb v. Rachmill, 75 Pa. Superior Ct. 193, it is decided that where there is a question whether the plaintiff is a real estate broker, it is a matter for the jury, and if they find he is, *it is a condition precedent to his right to recover* that he had procured a license under the act of assembly.

Wills & Co. v. Lefevre.

In Meyer v. Wiest, 250 Pa. 573, Justice Frazer, after stating that it is a question for the jury whether one is a broker engaged in buying and selling real estate, as defined by the Act of 1907, where the testimony is conflicting, said: "If, however, a person is actually engaged as a broker, the procuring of a license is a condition precedent for the lawful transaction of business, and, consequently, to the recovery of compensation for services rendered: Johnson v. Hulings, 103 Pa. 498; Luce v. Cook, 227 Pa. 224."

It is also true that it is a matter of defence to show that the plaintiff is a real estate dealer or broker, and, if so, that he has neglected to take out the license required by law: Sprague v. Reilly, 34 Pa. Superior Ct. 332, and Meyer v. Wiest, 250 Pa. 573. It is unnecessary, however, for a defendant to prove that a plaintiff is a real estate broker where the plaintiff in his testimony admits that he is. In such a case it is unnecessary for the jury to decide the question. It is true that the plaintiff did not allege that he was a real estate broker in his pleadings, but he testified that in the month of January, 1923, he was engaged as a real estate agent and real estate broker in the City of Lancaster. Having admitted that he was engaged in the business at the time he sold the house and lot for the defendant, the burden was on him to show that he had obtained the license required by law, as it was a condition precedent to his right to recover commissions for such sale. We are of the opinion, therefore, that, as the plaintiff failed to show that he had obtained the license required by law, he was not entitled to recover, and a non-suit was properly entered.

Rule to strike off the non-suit is discharged.

From George Ross Eshleman, Lancaster, Pa.