Gonnelli, Jr., Appellant, *v.* Magazzu.

Argued October 2, 1929.

Before PORTER, P. J., TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*Frank B. Stockley,* and with him *Owen J. Roberts,* for appellant.—The object of requiring a broker to take out a license is for the protection of the public. This object is satisfied by the payment of the license tax: Luce v. Cook, 227 Pa. 224; Blumberg v. Schimmel, 90 Pa. Superior Ct. 167.

*Gabriel D. Weiss,* and with him *Henry Arronson,* for appellee.—The procuring of a license is a condition precedent to the lawful transaction of the business of real estate and is a condition which must be fulfilled before the broker can recover compensation for the services rendered: Johnson v. Hulings, 103 Pa. 498; Lessy et al. v. Fletcher, 89 Pa. Superior Ct. 521; Sherman v. Welsh et al., 87 Pa. Superior Ct. 282.

OPINION BY GAWTHROP, J., January 29, 1930:

Plaintiff for many years prior to 1927, and during the year 1927, was engaged in the business of a real estate broker in the City of Philadelphia and traded under the name "Gonnelli Realty." He failed to pay a brokerage license tax and take out a license for the year 1927, as required by satute, and the city treasurer, in the name of the Commonwealth of Pennsylvania, brought suit before a magistrate on August 1, 1927, against Gonnelli Realty to recover the amount of the tax due for that year, and judgment was entered against Gonnelli Realty for the same on August 9, 1927. The plaintiff paid the amount of the judgment to the magistrate on September 17, 1927, and the magistrate made his return of the collection of the tax to the city treasurer on November 29, 1927, and a license was issued by the city treasurer to "Gonnelli Realty Co.," on November 30, 1927. On Nov. 5, 1927, the plaintiff entered into a written contract with the defendant to obtain certain mortgage loans, for which the latter agreed to pay the former a commission of

$875 and other expenses. Plaintiff obtained the loans on November 25, 1927. On February 1, 1928, plaintiff brought this action to recover his commission. The defense was that the plaintiff was not a licensed real estate broker at the time of the rendering of the services sued for. Following a verdict in favor of the plaintiff, judgment non obstante veredicto was entered for the defendant, and the plaintiff has appealed.

Counsel for the plaintiff state the question involved thus: Is a real estate broker legally entitled to transact business between the date he paid his license tax to an agent duly appointed by the city treasurer to collect it and the date he actually received his license from the city treasurer?

No useful purpose will be served by a discussion of the question, because it is well settled that the payment of the tax and the securing of the license is a condition precedent to the lawful transaction of business by a real estate broker; and that he cannot have the aid of the courts to recover commissions which were earned before he had paid his tax and received a license: Lessy v. Fletcher, 89 Pa. Superior Ct. 521; Sherman v. Welsh, 87 Pa. Superior Ct. 282; Luce v. Cook, 227 Pa. 224; Meyer v. Wiest, 250 Pa. 573; Johnson v. Hulings, 103 Pa. 498. The clear effect of these decisions is that it is not the mere payment of the tax which vests in the payor the right lawfully to transact business, but the payment of the tax and the procuring of the certificate of license.

As the appellant had not procured his license for the year 1927 at the time he earned the commission sued for, he was doing business as a real estate broker against the plain mandate of the law and cannot recover.

The assignment of error is overruled, and the judgment of the court below is affirmed.