## Axler v. Forman et al.

*A. Bernard Hirsch*, for plaintiff.

*Harry Wolov* and *Clinton A. Sowers*, for defendants.

FLOOD, J., October 1, 1940.—The legal sufficiency of plaintiff's bill of complaint is challenged by preliminary objections thereto filed by defendants.

The following facts are alleged in the bill: On May 23, 1940, plaintiff, a business broker, held a contract with

defendant Mrs. M. Forman, whereby plaintiff was given exclusive authority to sell her grocery business. A commission of ten percent of the sale price was to be paid plaintiff whether the sale was effected by him or by another. On that day, unknown to plaintiff, Mrs. Forman sold the business, including all of its stock of goods, wares and merchandise, together with the fixtures, to defendant Pitt for the sum of $1,400. Thereupon, plaintiff claims, defendant became indebted to him in the sum of $135, a $5 retainer paid at the making of the contract having been deducted from commissions due.

The sale was in bulk and not in the ordinary course of trade and was made without compliance with the provisions of the Bulk Sales Act of May 23, 1919, P. L. 262, 69 PS §§521, et seq., in that defendant Pitt failed, before any portion of the purchase price was paid, to demand or receive from his vendor, Mrs. Forman, a sworn written statement of the names and addresses of all her creditors, the amounts due or to become due them, and the inventory of stock and fixtures required by the act. Moreover, the notice to creditors required by section 2 of the act was not given. The purchase money not having been applied to the payment of the bona fide claims of the vendor's creditors according to their dignity, plaintiff seeks, inter alia, an adjudication that the sale is void, defendant Pitt is liable to him as a receiver for the fair value of the transferred property, and defendant Mrs. Forman is indebted to him in the sum of $135 with interest.

The issues raised by defendants' preliminary objections are twofold: (1) Whether or not the bill of complaint is defective in failing to aver plaintiff's compliance, as a broker, with the license and license-tax provisions of the Act of May 7, 1907, P. L. 175, secs. 1, 9, 72 PS §§2901, 2917; and (2), apart from the foregoing, whether or not plaintiff is a "creditor" within the meaning of the Bulk Sales Act, supra.

■ Under the Act of 1907, as construed, it is a condition precedent to the lawful transaction of a brokerage business that the broker procure a license and pay the license tax required by the act. Noncompliance with the provisions of the statute will have the effect of precluding the recovery of compensation for services rendered: Meyer v. Wiest, 250 Pa. 573 (1915) ; Sherman v. Welsh et al., 87 Pa. Superior Ct. 282 (1926). More specifically, it has been held that a broker cannot secure the aid of the courts to recover commissions earned before he paid his brokerage license tax and received his license: Gonnelli, Jr., v. Magazzu, 97 Pa. Superior Ct. 595 (1930) ; Sherman v. Welsh et al., supra. The Act of 1907 has been regarded as inapplicable to an individual who may be involved in an isolated transaction as distinguished from one regularly engaged in a brokerage business, and, of course, whether or not a particular person is carrying on the business of a broker is a question of fact to be determined at the trial: Webb v. Rachmil, 75 Pa. Superior Ct. 193 (1920). However, where it appears from the bill of complaint that plaintiff is engaged in a brokerage business, in order to state a good cause of action it is necessary that plaintiff also aver compliance with the provisions of the Act of 1907, supra. Consequently, preliminary objections to the bill will be sustained in the absence of such additional allegation of fact: Chain Stores Leasing Co. v. Selavos et al., 8 Northumb. 8 (1926). As applied to the present case, exhibit A of the bill of complaint clearly indicates plaintiff as one regularly engaged as a "business broker"; and since the instant bill contains no averment that plaintiff is a duly-licensed broker under the Act of 1907, it follows that defendants' preliminary objections must be sustained .

■ The foregoing conclusion renders unnecessary an adjudication as to plaintiff's status as a "creditor" within the meaning of the Bulk Sales Act. However, since plaintiff may be able to amend his bill to supply the aforemen-

tioned averment presently omitted, it would appear advisable to express an opinion respecting this latter issue. In George H. West Shoe Co. et al. v. Lemish et al., 279 Pa. 414, 417 (1924), the rule was approved that " 'The term creditors, as descriptive of the persons in whose favor the statute declares a bulk sale fraudulent and void, is usually not restricted to any particular class of creditors, but includes *all persons who are creditors of the seller at the time of sale*, although their claims have not been reduced to judgment, or were not due, and although they were not creditors for merchandise, but were merely general creditors of the seller in other transactions.' " (Italics supplied.)

More particularly, it has been determined that a business broker retained to sell a business for a commission becomes a creditor within the meaning of the act at the very moment he brings the vendor and vendee together and a subsequent sale will be invalid as to him in the event of noncompliance with the statute: Blau, etc., v. Richman et al., 33 D. & C. 481 (1938) ; Cain v. Samuels, 70 Pitts. 152 (1921) ; cf. Penrose v. Damens et al., 33 D. & C. 587, 589 (1938). Under plaintiff's contract in this case, his rights are the same for this purpose. Assuming the truth of the allegations of the bill, at the moment the sale was consummated plaintiff became a creditor of defendant, Mrs. Forman, for the commissions due and, consequently, would appear to be within that class protected by the provisions of the Bulk Sales Act, supra: George H. West Shoe Co. et al. v. Lemish et al., supra.

### Decree

And now, to wit, October 1, 1940, it is hereby ordered and decreed that defendants' preliminary objections be sustained with leave to plaintiff to amend his bill of complaint within 15 days from the date hereof, or the bill will be dismissed.