## Parish v. Werner

*P. Herbert Reigner*, for plaintiff.
*Matten & Matten*, for defendant.

SCHAEFFER, P. J., June 19, 1944.—This is a suit upon an alleged oral contract to recover a commission of $1 a head for the sale of a flock of 110 sheep sold by defendant in March 1943. Defendant denied the existence of the alleged contract, but the jury returned a verdict in favor of plaintiff.

This case is now before us upon defendant's motion for judgment n. o. v. It is the contention of defendant that, as plaintiff admittedly did not possess a license issued by the Department of Agriculture authorizing him to act as a dealer or broker in domestic animals, the alleged contract was void and recovery thereon barred by the law.

The Act of June 22, 1931, P. L. 650, provides that "no dealer or broker shall engage in or carry on business as such unless duly licensed" and defines the word "dealer" or "broker" as a person "engaged in the busi-

ness of buying, receiving, selling, exchanging, negotiating or soliciting the sale . . . , of any animals," with certain exceptions with which we are not here concerned. The word "animals" is defined by the act as meaning and including "horses, mules, bulls . . . sheep and goats." An amendment of 1937 provides for a license fee for dealers or brokers of $5. Failure to comply with the act is made a summary offense, punishable by fine and, in default of payment, by imprisonment.

The difficulty with defendant's position is that there is no testimony in the case from which it could be inferred that plaintiff, in March 1943, or before, was engaged in the business of a dealer or broker in domestic animals. Mr. Parish testified that his business was that of "farmer and live stock raiser." Upon cross-examination, plaintiff was asked:

"Q. You are in the cattle-raising business, aren't you?

A. Yes.

Q. But you are not what we call a dealer or broker in cattle, are you?

A. No.

Q. And you do not have a license from the Department of Agriculture of the State authorizing you to sell as a dealer or broker, do you?

A. I didn't at that time."

There is no evidence whatsoever that plaintiff ever before engaged in any way in the business of selling domestic animals for others or held himself out as a dealer therein. If defendant intended to rely upon the fact that plaintiff was a dealer or broker in domestic animals, it devolved upon defendant to show that fact: Yedinskey v. Strouse, 6 Pa. Superior Ct. 587.

Plaintiff was in the business of raising cattle. There is no evidence that he sold the cattle he raised but, if we assume that to be the fact, we are of the opinion that that fact did not constitute him a dealer or broker

within the meaning of the act, for the reason that he came within the express exception of clause (*e*) of the definition.

The cases cited by defendant are not applicable here. None of them has arisen under the Act of June 22, 1931. In F. F. Bollinger Co. v. Widmann Brewing Corp., 339 Pa. 289, plaintiff, which held itself out unlawfully as both an engineer and an architect in violation of two statutes and signed the plans prepared by it as "engineers and architects", was denied the right to recover for preparing such plans. In Brenner v. Pecarsky, 86 Pa. Superior Ct. 414, recovery was denied for the sale price of a second-hand motor vehicle which plaintiff attempted to deliver to defendant without complying with any of the provisions of the Act of 1919 relating to the sale of used motor vehicles. In Burns v. Gartzman et ux., 139 Pa. Superior Ct. 453, a New York real estate broker who had sold a bakery in Pennsylvania was denied the recovery of his commission for that sale. This result arose not only from the fact that plaintiff was in fact engaged in the business of selling real estate and was unlicensed, but especially from the fact that the act of assembly governing the licensing of real estate brokers has been amended by the Real Estate Brokers License Act of May 1, 1929, P. L. 1216, in several important respects.

By section 2 thereof, in defining the term "real estate broker", it is declared that "One act in consideration of compensation . . . of buying, selling . . . any such real estate of or for another . . . shall constitute prima facie evidence that the person . . . so acting . . . is a real estate broker within the meaning of this act."

And section 16 expressly provides that no action shall be instituted, or recovery had, in any court for any act done or service rendered for the doing of which the act requires a person to have a license. See also Verona v. Schenley Farms Co., 312 Pa. 57.

It is true that the courts will deny a recovery of compensation to unlicensed brokers despite the absence of an express provision in the statute of such legislative intent. If the transaction be contrary to law, the wrongdoer should not receive the aid of the law in an attempt to collect the fruits of his unlawful act. See F. F. Bollinger Co. v. Widmann Brewing Corp., supra, p. 294, and cases cited.

But the law as to dealers and brokers in animals is substantially in the state that the law as to real estate brokers was before the Real Estate Brokers License Act. The Act of 1931 makes it unlawful for a person to engage "in the business of buying", etc., animals without a license. One transaction does not constitute a business. As Mr. Justice Simpson said in Downing v. Marks, 318 Pa. 289, 292:

"Where a party did not hold himself out as a real estate broker, it has long been the law of this State that he may recover under his contract though he was not licensed as such a broker."

It was the legislation of 1929 and 1937 that brought about the change in the statutory and decisional law as to real estate brokers: Burns v. Gartzman et ux., supra, p. 455. Cases in which persons unlicensed as dealers or brokers have been permitted to recover for isolated transactions are indeed numerous: Yedinskey v. Strouse, 6 Pa. Superior Ct. 587 (which is almost identical with the case at bar) ; Chadwick v. Collins, 26 Pa. 138; Shepler v. Scott, 85 Pa. 329; Black v. Snook, 204 Pa. 119; Coles v. Meade, 5 Pa. Superior Ct. 334; Raeder v. Butler, 19 Pa. Superior Ct. 604; Ord v. Baizley, 62 Pa. Superior Ct. 395; Webb v. Rachmil, 75 Pa. Superior Ct. 193.

And now, to wit, June 19, 1944, the rule for judgment n. o. v. is discharged.