## Meyers v. Somerset Trust Company, Appellant.

*Bankruptcy—Bankruptcy Act—Unlawful preference — Application of funds of bankrupt—Case for jury.*

In an action by a trustee in bankruptcy to recover money derived from collaterals applied by a bank to the general indebtedness of a bankrupt, the case is for the jury to determine whether or not the money was received by the bank at a time when it had reasonable cause to believe that its acceptance would effect a preference.

*Practice, C. P. — Affidavit of defense — Defense not raised in affidavit—Practice Act of 1915.*

An offer to prove an oral understanding between the bankrupt and the bank, with regard to the application of the proceeds derived from collaterals to the bankrupt's general indebtedness, is properly refused, where there was no such averment in the affidavit of defense.

Section 16 of the Practice Act of May 14, 1915, P. L. 483, limiting defenses to those raised by the affidavit of defense should be strictly enforced.

Argued April 12, 1920.    Appeal, No. 52, April T., 1920, by defendant, from judgment of C. P. Somerset County, February T., 1919, No. 17, on verdict for the plaintiff in the case of Rufus E. Meyers, Trustee in Bankruptcy of Roy D. Hostetler, v. Somerset Trust Company, a Corporation.    Before Porter, Henderson, Head, Trexler, Keller and Linn, JJ.    Affirmed.

Assumpsit by trustee in bankruptcy to recover a preference alleged to have been secured by defendant trust company over other creditors.    Before Bailey, P. J.

The facts are stated in the opinion of the Superior Court.

40, (1920).]     Verdict—Opinion of the Court.

Verdict for plaintiff for $1,150.63 and judgment thereon. Defendant appealed.

*Errors assigned* were various rulings on evidence, the charge of the court and refusal of defendant's motion to amend affidavit of defense.

*Joseph Levy,* and with him *Fred W. Biesecker* and *Charles W. Walker,* for appellant.—The court erred in excluding evidence of the understanding or agreement between the parties and existing prior to the bankruptcy: James's App., 89 Pa. 54; Buckley v. Garrett, 60 Pa. 333; Appeal of the Pennsylvania Company, etc., 18 W. N. C. 469.

*J. G. Ogle,* for appellee.

OPINION BY LINN, J., July 14, 1920:

Defendant appeals from a judgment on a verdict for plaintiff in an action brought by him as trustee in bankruptcy of Hostetler to set aside a preference.    The bankruptcy act provides:  "A person shall be deemed to have given a preference if, being insolvent, he has, within four months before the filing of the petition,......made a transfer of any of his property, and the effect of the enforcement of such......transfer will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class ......" section 60a.   Such preference may be set aside under section 60b:  "If a bankrupt shall have...... made a transfer of any of his property, and if, at the time of the transfer......and being within four months before the filing of the petition in bankruptcy......the bankrupt be insolvent and the......transfer then operate as a preference, and the person receiving it...... shall then have reasonable cause to believe the enforcement of such......transfer would effect a preference, it shall be voidable by the trustee and he may recover the

property or its value from such person......" Barnes Federal Code, section 9144.

Plaintiff stated a cause of action under those sections of the statute, averring inter alia, that Hostetler was adjudicated a bankrupt on March 15, 1917, at which time defendant was a creditor with both secured and unsecured claims; that Hostetler was plaintiff in a judgment entered against one Jonas N. Clark in the Common Pleas of Somerset County, to No. 230, May term, 1916, which judgment he assigned to appellant on May 9, 1916, "as collateral security to 291, May term, 1916," which was the record of a judgment for $1,800 in favor of appellant and against Hostetler. He also averred that on February 26, 1917, defendant collected from Clark (defendant in Hostetler's judgment), the amount thereof, $1,000, and instead of crediting that sum on its judgment for $1,800, No. 291, May term, 1916, it arranged with Hostetler to credit the $1,000 on a note for $1,184, made by Hostetler and held by defendant but not then due.

The affidavit of defense met this charge by the averment, "That the defendant was the holder of a number of notes and obligations of the said Roy D. Hostetler, falling due at different times, and under the usual practice of bankers, he was called upon to reduce his indebtedness when the time came for renewing any of said notes; that about the time the said sum of $1,000 was paid to the defendant, notes of said Hostetler, aggregating $3,266.87 fell due, and in order to reduce the amount thereof, in accordance with said usual practice of bankers the said Jonas N. Clark borrowed from this defendant the sum of $1,000 for the purpose of paying his said indebtedness to Roy D. Hostetler, and the latter directed the defendant to apply the said moneys toward the reduction of the said note of $1,184, which was done accordingly."

It was admitted in the affidavit of defense that "by reason of the payment of the said sum of $1,000 to it by said Hostetler, it (defendant), received a greater percentage of its unsecured claims than some other credi-

tors." The affidavit denied Hostetler's insolvency and "the reasonable cause to believe" specified in the statute, but at the trial his insolvency was admitted, so that the only issue for trial under the pleadings was whether or not the reasonable cause to believe existed as defined in the statute.

In the evidence received, defendant's treasurer related the circumstances of the payment of the $1,000 as follows: ".......we told or rather I told Mr. Hostetler that we wanted his indebtedness to us reduced, and this was the first collateral that we could get to realize on, and having arranged for this $1,000 from Mr. Clark, I told Mr. Hostetler that we were going to apply it on one of his collateral notes, and he later came in and we arranged that the money was to be placed on that note." The date of the maturity of the note for $1,184 was March 3, 1917, and the only collateral recited in it was the assignment of a contract held by Hostetler to build a church at Rockwood, Pa. The court submitted to the jury the single question of fact in issue,—whether there was reasonable cause to believe as described in the statute,—and the verdict establishes that fact in accordance with plaintiff's contention.

Overruling without discussion, the assignments of error complaining of the refusal to give binding instructions for defendant, which, of course, could not be given, the remaining assignments of error are to the refusal to permit defendant to prove "that there was an arrangement between (Hostetler) and (the trust company) that all collaterals, including the Clark judgment, might be applied by the trust company to any of (Hostetler's) indebtedness," and the refusal to permit defendant to amend the affidavit of defense after trial by adding an averment that Hostetler and the trust company had agreed to that effect as long ago as June, 1916. This "arrangement," it will be observed, was not set up in the affidavit of defense already quoted. The matter seems to have slipped into the case when defendant's

treasurer, who had been called by plaintiff as if under cross-examination, was testifying, and while (Dunmore v. Padden, 262 Pa. 436), the evidence cannot be disregarded, as contended by the learned counsel for appellee, because so brought into the record, we have carefully considered what this witness said, and are satisfied that with the other evidence in the case it was not sufficient to go to the jury as the basis of a finding that the alleged contract existed, and that while neither motion to strike out nor request to disregard was made, appellant was not prejudiced by the action of the learned court below in confining the deliberations of the jury to the only issue made by the pleadings.    It was likewise proper to refuse to receive the evidence of Hostetler on the same subject when offered by defendant; it was not put in issue by the affidavit of defense: Ruth-Hastings Glass Tube Co. v. Slattery, 266 Pa. 288.    The refusal to allow the amendment to the affidavit of defense after verdict, was discretionary and no abuse of discretion has been shown.

The judgment is affirmed.