Josephson & Sons, Appellants, *v.* Weintraub.

*Sales—Verbal contract—Failure of delivery—Sales Act of 1915, P. L. 543, section 4.*

Plaintiffs who, because of their own blunder in making shipment, have failed to deliver goods in accordance with their verbal contract,

14, (1921).]          Syllabus—Arguments.

cannot maintain an action upon a book account for the price, where the value of the goods was more than $500, and there had been no payment of any part of the purchase money or anything in earnest to bind the contract.

*Pleading and practice, C. P.—Practice Act of 1915, P. L. 483—Affidavit of defense—Statutes—Pleading.*

A defendant is not bound, in his affidavit of defense, to refer to every general act of assembly which may be applicable to the facts brought out in the testimony.  One who, in his affidavit of defense, clearly presents every defense, upon which he relies, to the claim as set forth in the plaintiff's statement, is entitled to avail himself, as a further defense, of the benefits of statutes not pleaded, and only made applicable by the plaintiff's testimony, but is not permitted to introduce a new defense.

Argued October 18, 1921.  Appeal, No. 206, Oct. T., 1921, by plaintiffs, from judgment of C. P. No. 3, Phila. Co., Dec. T., 1920, No. 1794, on verdict for defendant, in the case of Abraham Josephson, Harry Josephson and Maurice Josephson, trading as A. Josephson & Sons, v. Harry Weintraub.  Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ.  Affirmed.

Assumpsit to recover for goods sold.  Before MC-MICHAEL, P. J.

The facts are stated in the opinion of the Superior Court.

The court directed a verdict for defendant, and subsequently overruled a motion for judgment non obstante veredicto.  Judgment on the verdict.  Plaintiffs appealed.

*Errors assigned* were the action of the court in directing verdict for defendant, refusing to give binding instructions for plaintiff, and overruling motion for judgment non obstante veredicto.

*Alvin L. Levi,* and with him *David Mandel, Jr.,* and *Julius C. Levi,* for appellants.—The affidavit of defense did not set up the statute of frauds and it was, therefore,

error to permit the defendant to raise that defense: Stein & Samson v. Slomkowski, 74 Pa. Superior Ct. 156.

The book account was prima facie evidence of delivery: Hubbard Co. v. Tenbrook & Bro., 124 Pa. 291; Vallee Bros. Elec. Co. v. North Penn Iron Co., 32 Pa. Superior Ct. 111.

There was a sufficient acceptance of the goods in written memoranda of the defendant to satisfy the requirements of the statute of frauds: Title Guaranty & Surety Co. v. Lippincott, 252 Pa. 112; Manufacturers Light & Heat Co. v. Lamp, 269 Pa. 517.

*I. Austin Wolfe,* for appellee.—The essentials involving a written contract for the sale of merchandise were absolutely lacking: Safe Deposit & Trust Co. v. Diamond Coal & Coke Co., 234 Pa. 100; Manufacturers Light & Heat Co. v. Lamp, 269 Pa. 517.

OPINION BY KELLER, J., December 12, 1921:

Plaintiffs brought an action in assumpsit for $794.98 upon a book account, for goods sold and delivered. The defendant denied that the said goods or any part of them had ever been delivered to or received by him.

At the trial it was testified without objection that the goods had been ordered verbally and without any note or memorandum of sale having been signed by defendant, or by any one on his behalf; and it was uncontradicted that the terms were to be 2/10/60, that is, two per cent discount if paid in ten days, or the face of the bill, without interest, if paid within sixty days thereafter, thus giving the defendant seventy days' credit for the amount of the invoice. It was likewise undisputed that the goods were not shipped in accordance with these terms; that instead of being consigned to the defendant, they were consigned to the plaintiffs, with a sight draft attached to bill of lading, or instructions of such a character that the railroad company could not make delivery unless the invoice price was paid at the time. Defend-

ant notified plaintiffs of this error and the latter acknowledged the mistake and sent the bill of lading to defendant, but because of some complications arising out of the fact that the goods were consigned to the plaintiffs themselves instead of defendant, the defendant was unable to get the goods delivered and after about eight days had been consumed in these fruitless attempts the bill of lading was lost or mislaid by defendant's teamster, of which fact plaintiffs were promptly notified. The goods in the meantime had been sent by the railroad company to a storage warehouse where, plaintiffs testified, they still remain. A month had thus passed by—before the bill of lading was lost—without a delivery of the goods to the defendant and after waiting a few weeks longer, he notified plaintiffs that they should recall the shipment as he would not accept it.

On this state of facts the trial judge directed a verdict for the defendant, and in our opinion he was justified in doing so.

The difficulty in which the plaintiffs find themselves was chiefly of their own making. · They agreed to sell and deliver to defendant certain goods, (not specific), on seventy days' credit; instead of doing so they consigned the goods to themselves, fettered by instructions of such a character that the defendant could not obtain the goods without paying for them on receipt. This was not a delivery to the defendant, and it appearing from the evidence received without objection that no note or memorandum of the contract of sale had been signed by the defendant—the party sought to be charged in this action—or his agent in that behalf, and the goods being of the value of more than $500, it followed that there could be no recovery unless the defendant had accepted the goods or part of them and actually received the same or had given something in earnest to bind the contract or in part payment: Sales Act of May 19, 1915, P. L. 543, Sec. 4; Manufacturers Light & Heat Co. v. Lamp, 269 Pa. 517. The proof in the case negatived any of these

alternatives.   Having by their own blunder failed to deliver the goods in accordance with the verbal contract it was up to the plaintiffs to see that the goods were actually delivered to the defendant and received by him before they could enforce an action for their value.

The defendant was not, in this state of the evidence, precluded from relying on the provisions of the Sales Act because he had not specifically referred to it in his affidavit of defense.   The plaintiffs declared on a book account, which predicated a delivery, not on a contract of sale.   They stated nothing as to any contract of sale, whether it was written or verbal.   The defendant denied delivery of the goods.   If the evidence received without objection showed that the contract of sale was verbal, the court was not prevented by the Practice Act of 1915 from applying the statutes and rules of law applicable to the facts thus in evidence.   No such doctrine was enunciated in Stein & Samson v. Slomkowski, 74 Pa. Superior Ct. 156.   There the defendant without having raised the matter in his affidavit of defense, sought to introduce evidence that the plaintiffs had not registered as a partnership doing business under an assumed name, in accordance with the Act of June 28, 1917, P. L. 645. It was a defense wholly foreign to the issue raised in the pleadings, and, we held, could not be injected into the case as it then stood.   But had the plaintiffs in that case shown that they were violating the Act of 1917, the court would have been justified in applying its provisions irrespective of the pleadings, and we in effect so stated. The defendant is not bound in his affidavit of defense to refer to every general act of assembly which the testimony, as it is unfolded, may make applicable to the facts in evidence; he is bound to present every defense, upon which he relies, to the claim as set forth in the plaintiff's statement, and he can introduce no new defense to that claim so presented that is not set forth in his affidavit: Ruth-Hastings Glass Tube Co. v. Slattery, 266 Pa. 288; Meyers v. Somerset Trust Co., 75 Pa. Superior Ct. 40.

The assignments of error are overruled and the judgment is affirmed.