## Continental Guaranty Corporation, Appellant, *v.* Thomas Hughes, Inc.

*Promissory notes — Nonnegotiable instruments — Actions — Endorsees—Action by endorsee—Nonsuit.*

A note containing an unrestricted warranty of attorney to confess judgment at any time after its execution, before as well as after maturity, is nonnegotiable.

When the note was produced at the trial, and it was apparent that it was not negotiable, the court did not err in entering a nonsuit.

Argued November 21, 1922. Appeal, No. 238, Oct. T., 1922, by plaintiff, from judgment of C. P. Delaware County, Sept. T., 1921, No. 372, refusing to strike off nonsuit in the case of Continental Guaranty Corporation v. Thomas Hughes, Inc. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit on promissory note. Before BROOMALL, J.

The facts are stated in the opinion of the Superior Court.

The court entered a compulsory nonsuit which it subsequently refused to strike off. Plaintiff appealed.

*Error assigned* was the order of the court.

*Albert Dutton MacDade*, for appellant.

*Edward J. Mingey*, for appellee.

OPINION BY PORTER, J., July 12, 1923:

The plaintiff brought this action of assumpsit to recover on a promissory note made by Frank Parker, payable to the order of the defendant and by the latter endorsed and delivered to the plaintiff. The defendant filed an affidavit of defense, which, in its fifth paragraph,

contained the following averment: "The defendant denies that by reason of the facts averred in the plaintiff's statement of claim it became liable for the payment of the note therein mentioned, according to the tenor thereof, at its maturity. The defendant denies that it is in any wise indebted to the plaintiff in any amount or sum whatsoever for, upon or by reason of its endorsement and delivery of the said note to the plaintiff or by reason of any matter, cause or thing whatsoever." The affidavit then proceeded to aver that the defendant was engaged extensively in the business of selling and leasing automobiles for cash and on installments, and that it entered into an agreement with J. J. Moore, the eastern manager and duly authorized agent and representative of the plaintiff, under the terms of which contract the defendant used, in leasing automobiles, a form of lease, together with a form of installment notes furnished and supplied by the plaintiff, and in the calculation of the aggregate amount of rental to be paid for the use and hire of said automobiles, the defendant included and made provision for the payment of a further sum, styled a guaranty charge, to be determined in each instance in accordance with a certain schedule furnished by plaintiff, and designed and intended to defray the cost of insuring said automobiles against risks; and to defray the cost of procuring insurance against loss by reason of the defendant's endorsement and sale of said promissory notes, in case of nonpayment by the makers thereof, and that it was agreed that the plaintiff would at all times save and keep harmless the defendant from any liability by reason of its endorsement of any promissory note purchased by the plaintiff in pursuance of this contract. It further averred that when, under the agreement, the plaintiff purchased any of said promissory notes and took an assignment of the leases for automobiles, it should remit to the defendant the amounts thereof, after deducting therefrom the amount of the said guaranty charge or charges therein included, and that the note in suit was

delivered to the plaintiff under this agreement.    The court below discharged a rule for judgment for want of a sufficient affidavit of defense.    The cause went to trial and the court below entered a peremptory nonsuit, which it subsequently refused to take off, and the plaintiff appeals.

The appellant complains that the court erred in discharging the rule for judgment for want of a sufficient affidavit of defense, and in refusing to take off the nonsuit.    The action is by the holder against the endorser of the note.    The endorsement did not render the endorser liable unless the note was negotiable, in the absence of an agreement in writing to pay the debt of Parker, the maker of the note.    The part of the affidavit of defense, above quoted, directly challenged the right of the plaintiff to recover upon the facts averred in its statement of claim.    Judgment for want of a sufficient affidavit of defense is, in effect, a judgment on demurrer, and, like all such judgments must be self-sustaining on the face of the record.    It is necessary that the statement should contain all the ingredients of a complete cause of action, averred in clear, express and unequivocal language.    The affidavit of defense in this case is in the nature of a demurrer to plaintiff's statement, and if the latter is defective the affidavit of defense is sufficient to prevent a summary judgment: Byrne v. Hayden, 124 Pa. 177; Fritz v. Hathaway, 135 Pa. 274.    The note upon which this defendant is sued as endorser contained an unrestricted warrant of attorney to confess judgment against the maker, and judgment might have been entered upon it at any time after its execution, before as well as after its maturity.    The warrant of attorney consists of a separate paragraph and is in the form which has always in Pennsylvania been recognized as authorizing the entry of a judgment before the debt becomes due, and if judgment had been so entered, immediately after the execution of the note, that judgment could not have been stricken off upon the ground that it was not authorized

by the warrant. The note was not negotiable and the court did not err in discharging the rule for judgment for want of a sufficient affidavit of defense; Milton National Bank v. Beaver, 25 Pa. Superior Ct. 494. The plaintiff having gone to trial cannot now assign for error the discharge of the rule for judgment, and we have merely referred to that matter for the purpose of showing that the defendant was, upon the trial, in position to assert that the note was not negotiable.

The case went to trial upon the pleadings. The appellant contends that as the affidavit of defense did not aver that the note was not negotiable, the defendant was precluded from setting up that defense upon the trial. The defendant had not, it is true, filed a formal affidavit of defense raising questions of law and asking judgment in its favor, as it might have done under the Practice Act. When the defect in plaintiff's statement is merely formal, when the cause of action is complete and the defect consists merely in the manner in which it is set forth, it may be that the defendant must be held to have waived such formal defect. When, however, the defect appears as a material element in the cause of action, vital to the right of the plaintiff to recover, the defendant does not forfeit the right to avail himself of the defense, merely because he has not denied something which the plaintiff has not averred: Stein & Sampson v. Slomkowski, 74 Pa. Superior Ct. 156. If A sues B and avers in his statement that the latter orally promised to pay the $1,000 debt of C, in case the latter did not pay it, and B files an affidavit merely stating that he never made any such promise, it certainly cannot be contended that upon the trial B would not be permitted to set up that even if the oral promise had been made it was not binding. The question whether this note was negotiable was not to be determined from evidence produced at the trial. It was to be determined by the court, from the face of the note; a question of law. When the note was produced it at once became apparent that it was not negotiable, and the court

did not err in entering the nonsuit and refusing to take it off.

The judgment is affirmed.