## Waage's Estate.

*Decedents' estates—Annuities — Termination of — Money paid
under mistake—Recovery.*

Where an annuity policy provided that it should terminate "with
the last quarter-annual payment preceding the death of said an-
nuitant," the payment by the insurance company, made in igno-
rance of the annuitant's death, can be recovered, where the annui-
tant died the day preceding the date that the quarterly payment
became due.

Argued December 4, 1923. Appeal, No. 148, Oct. T.,
1923, by Fidelity Trust Company, Guardian of Frederick
O. Waage et al., from decree of O. C. Montgomery Co.,
Sept. T., 1922, No. 7, dismissing exceptions to adjudica-
tion in the Estate of Hannah Y. Waage, deceased. Be-
fore ORLADY, P. J., PORTER, HENDERSON, TREXLER, KEL-
LER, LINN and GAWTHROP, JJ. Affirmed.

Exceptions to adjudication. Before SOLLY, P. J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the exceptions. Exceptant appealed.

*Error assigned* was the decree of the court.

*Aaron S. Swartz, Jr.,* and with him *B. F. McAtee, John M. Dettra, Samuel H. High* and *Montgomery Evans,* for appellant.—A voluntary payment of money to one to whom the money is justly due, cannot be recovered back from the payee, even though made under a mistake of fact on the part of the party paying: Carson v. McFarland, 2 Rawle, 118; Espy v. Allison, 9 Watts 462; Taylor v. Commissioners, 3 P. & W. 112; Boas v. Updegrove, 5 Pa. 516; Edgar v. Shields, 1 Grattan, 361; Krumbhaar v. Yewdall, 153 Pa. 476; Bomgardner v. Blatt, 35 Pa. Superior Ct. 361.

*Paul Freeman,* of *Johnson, Gilkyson & Freeman,* and with him *Charles T. Larzelere,* for appellee.—The payment by the company, made in ignorance of annuitant's death, was recoverable: Phila. Co. v. Long, 38 Pa. Co. C. Reps. 76; Kunkel v. Kunkel, 267 Pa. 163; McKibben et al. v. Doyle, 173 Pa. 579; 22 A. & E. Ency. of Law 624; Riegel v. American Life Ins. Company, 153 Pa. 134.

OPINION BY PORTER, J., February 29, 1924:

This is an appeal from a decree of distribution. The Penn Mutual Life Insurance Company presented a claim to be reimbursed for an installment of an annuity, paid after the death of the decedent, under an alleged mistake of fact. The parties, at the hearing, presented a written agreement as to the facts, there being attached to and made part of the agreement a copy of the annuity contract. The court below, after consideration of this evidence, sustained the claim and decreed that it should be

paid out of the moneys in the hands of the executor. The guardian of the legatees under the will assigns for error this action of the court.

The Penn Mutual Life Insurance Company, under the provisions of the annuity policy, covenanted to pay to Hannnah Y. Waage an annuity of $600, "in equal quarter-annual payments of one hundred and fifty dollars each, commencing on the 19th day of December, 1919, and terminating with the last quarter-annual payment preceding the death of said annuitant." The dates, in each year, upon which the quarter-annual payments were to be made were stated upon the policy to be December 19th, March 19th, June 19th and September 19th. The company, on June 19, 1921, sent to the annuitant a check for $150 in full discharge of its obligation under the policy down to that date, which check was received and cashed by her. "Hannah Y. Waage (the annuitant) died on September 18, 1921, at 12:49 a. m." The insurance company on September 19, 1921, between the hours of 9 a. m. and 5 p. m. mailed to Hannah Y. Waage, at Bethlehem, Pa., its check payable to her order in the sum of $150, drawn upon Drexel & Company, which check was received by the accountant and endorsed by him "Estate of Hannah Y. Waage, Cyrus Shelly, Active Executor," and was paid by Drexel & Company, and the proceeds thereof are included in the account. "The Penn Mutual Life Insurance Company, at the time the aforesaid check was sent, and at the time of its payment, had no knowledge of the death of Hannah Y. Waage."

It is argued by the learned counsel for appellant that the quarter for which the payment in question was due ended on September 18th and that as the annuitant was alive in the early morning of that day, the quarter was completed and the payment due. This contention cannot be reconciled with the covenant of the policy which provides that the liability of the company shall terminate "with the last quarter-annual payment preceding the death of said annuitant." Under the covenants of this

policy there can be no apportionment of a quarterly payment, and that such was the understanding of the parties is clearly disclosed by the application for the policy, in which we find, among others, the following question and answer: "Does applicant understand that payments will cease on last payment due by the company prior to death unless an additional consideration has been paid for a proportionate annuity to date of death? A. Yes." This annuity did not accrue day by day. The learned counsel for the appellant concedes this, but contends that the entire amount of the quarter had been earned. The difficulty with this position is that the policy provides that the annuity shall terminate with the last quarter-annual payment preceding the death of said annuitant. There was no payment due when the annuitant died. If she had lived until the next day the payment due on September 19, 1921, would have immediately become due. September 19, 1921, did not precede the death of the annuitant, and the company was not legally liable, nor was the estate of the annuitant entitled to receive the installment which upon that day would have become due, had the annuitant been living.

The parties have solemnly stipulated that the insurance company, at the time the check was sent and at the time of its payment, had no knowledge of the death of Mrs. Waage. The payment having been made under a mistake of fact, to an estate which was not entitled to receive it, either from the appellee or from any other source the insurance company was entitled to recover it back. It is true the company might have required evidence that the annuitant was still living before sending the check, but the mere omission to take advantage of the means of knowledge within reach of the party paying under a mistake of facts does not prevent a recovery, in circumstances which do not place the party receiving in a less favorable position than he would have occupied if the payment had not been made: Kunkel v. Kunkel, 267 Pa. 163. This is not a case where a person has

51, (1924).]              Opinion of the Court.

through mistake paid a claim for which he was not legally liable, but which the party to whom he paid was entitled to receive from some other person or some other source. Nor is it a case where an executor or administrator, who ought to know better than anybody else the assets and liabilities of an estate, through a mistake as to the solvency of the estate, pays to an undoubted creditor or to a distributee, more money than it ultimately appears such person ought to have received, such as Carson v. McFarland, 2 Rawle 118; Montgomery's App., 92 Pa. 206. In the present case the estate of the decedent was not entitled to receive this payment from any source, nor was it prejudiced by the mistake of fact which led the insurance company to make the payment. It is argued by the learned counsel for the appellant that because Drexel & Company paid the check bearing the endorsement of the executor, this was notice to the bank; that the bank was the agent of the appellee, and that, therefore, the knowledge of the bank must be held to be knowledge of the insurance company, and that the payment should, therefore, be held to have been voluntarily made. The relation of a bank to its depositors is not that of an agent and principal. The relation is that of debtor and creditor, and the bank must pay the checks of its depositors when they are presented in proper form and it has in its hands sufficient funds to meet them. The court did not err in holding that the appellee was entitled to recover back the money paid through a mistake of fact.

The decree is affirmed and the appeal dismissed at cost of the appellant.