## Mollie Nudleman, Appellant, *v.* The Travelers Insurance Company.

*Insurance—Insurance policy—Accident insurance—Death after ninety days—Failure to recover.*

In an action on an accident insurance policy the plaintiff proved that the accident had occurred on November 14, 1922, and that the insured had died on March 17, 1923, more than ninety days after the date of the accident. The policy provided for payment if an accident caused death within ninety days. The court directed a verdict for defendant.

In such case, it was not necessary to plead the defense that death had not resulted in the prescribed time.

If, in making out her case, the plaintiff proved that a fact essential to recovery—viz, death within ninety days—did not exist, it was not necessary that the defendant should have averred such fact in its affidavit of defense, in order to avail itself of it.

Argued November 21, 1924. Appeal, No. 262, Oct. T., 1924, by plaintiff, from judgment of C. P. No. 4, Phila. Co., June T., 1923, No. 8766, on verdict for defendant in the case of Mollie Nudleman v. The Travelers Insurance Company. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit on policy of insurance. Before FINLETTER, J.

The facts are stated in the opinion of the Superior Court.

The court directed a verdict in favor of the defendant. Plaintiff appealed.

*Error assigned* was the decree of the court.

*Samuel Moyerman,* and with him *Jacob Weinstein,* for appellant.—The bar of limitation is an affirmative defense which must be set up in the affidavit of defense: Carter v. Vandegrift, 74 S. C. 26; Barclay v. Barclay,

206 Pa. 307; Prettyman v. Irwin, 273 Pa. 525; American Products Co. v. Refining Co., 275 Pa. 335; Dietrich v. Davies, 274 Pa. 213; Meyers v. Somerset Trust Co., 75 S. C. 40; Ruth Hastings Glass Co. v. Slattery, 266 Pa. 288.

*Ralph B. Evans,* for appellee, cited: American Products Co. v. Refining Co., 275 Pa. 332; Freedman v. Insurance Co., 175 Pa. 350; Insurance Co. v. Brown, 128 Pa. 386.

OPINION BY LINN, J., February 27, 1925:

Plaintiff sued on an accident policy on her husband's life, alleging that an accident on December 20, 1922, caused his death on March 17, 1923, less than 90 days after the accident. The policy provided for payment if an accident caused death within 90 days. At the trial she showed that the accident occurred on November 14, 1922, more than 90 days prior to the death; she then amended her statement of claim by substituting that date for December 20th. At the conclusion of her evidence, the court directed a verdict for defendant, because it appeared that death occurred more than 90 days after the accident. She now contends that instruction was wrong for two reasons neither of which have any foundation.

She contends that defense is not available because not averred in the affidavit of defense (by supplemental affidavit, we assume, as the original statement averred death within 90 days), and relies on section 16 of the Practice Act, providing: "Neither party shall be permitted at the trial to make any defense which is not set forth in the affidavit of defense, or plaintiff's reply, as the case may be, except as provided in sections seven and thirteen." (1915, May 14, P. L. 483, section 16.) The only effect of not denying that the accident occurred November 14th, was to admit the fact. The affidavit had denied that the accident occurred on December 20th

and that it caused the death. On that issue, the parties went to trial. Then it appeared by plaintiff's evidence that a fact essential to recovery,—death within 90 days —did not exist. That made it unnecessary for defendant to put in any evidence; the plaintiff had shown that the conditions in which payment was agreed to be made did not exist.

This case does not require us to define section 16 with exactness; it has been held that the 4th section of the Sales Act of 1915 will bar recovery though not specially pleaded: American Products Co. v. Refining Co., 275 Pa. 332, 336; Josephson v. Weintraub, 78 Pa. Superior Ct. 14, 18; that, if in making out his case plaintiff must prove a contract prohibited by law, that fact will bar recovery though not averred in the affidavit: Stein v. Slomskowski, 74 Pa. Superior Ct. 156, 160. The agreement was that liability should follow an accident resulting in death within 90 days; but when plaintiff proved a fact showing that no liability had ever matured, she proved herself out of court.

And that was apparently conceded at the trial, for, to remove the obvious barrier to recovery resulting from her proof that death followed more than 90 days after the accident, she offered this letter, written to her attorney by defendant's adjuster:

"This is to acknowledge receipt of yours of April 4th. This matter has been looked into very carefully and from the facts, it appears very conclusively that there was no disability as a result of any accident, and it further appears the man died from the result of carcinoma of the liver. I would be very glad to discuss this case with you and would appreciate you calling to see me at your convenience." Her attorney states the alleged effect of that letter, to be that ".......once an insurance company places itself on record as saying we deny liability for a certain reason they cannot thereafter base their non-liability on any technicality." That is, he says, defendant "waived or estopped itself from setting up the

defense of the belated death." Waiver has nothing to do with the transaction. At the date of the death, plaintiff had no cause of action and knew it. She did nothing to her detriment in consequence of the letter, and nothing that she could reasonably have done in consequence of it would be material in this case, because defendant was under no obligation to pay; she never became legally entitled to payment.

It may be said that if the defendant had paid under the mistaken belief that the accident occurred within 90 days of the death as plaintiff alleged in the original statement of claim, the defendant would have been entitled to recover back the money paid under the mistake: Waage's Est., 83 Pa. Superior Ct. 51, 54.

Judgment affirmed.