## Sherman *v.* Welsh et al., Appellants.

*Brokers—Real estate brokers—Commissions—License—Requirement of license as a condition precedent to suit for commission.*

Where, in an action of assumpsit by a real estate broker for a commission, it appeared from the plaintiff's own case that her broker's license had not been issued until after the services sued for had been rendered, it was error for the court to refuse binding instructions in favor of the defendants.

The claim, as presented, rested upon an illegal foundation and, irrespective of the defenses set up in the affidavit of defense, the defendants were entitled to take advantage of it.

The payment of a tax and the securing of a license is a condition precedent to the lawful transaction of business by a real estate broker. He cannot have the aid of the courts to recover commissions which were earned prior to paying his tax and receiving his license.

*Act of June 24, 1895, P. L. 212—Superior Court—Supreme Court.*

The law establishing the Superior Court, (Act of June 24, 1895, P. L. 212, Section 10), provides that "Upon any question whatever before the said court, the decision of the Supreme Court shall be received and followed as of binding authority."

Argued December 15, 1925.   Appeal No. 360, October T., 1925, by defendants, from judgment of M. C. Philadelphia County, July T., 1923, No. 919, in the case of Sarah Sherman v. David Welsh and Harry Cravitz, individually and as co-partners.   Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Reversed.

Assumpsit by real estate broker for commission. Before BROWN, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court found in favor of the plaintiff in the sum of $2,232.35.   Defendants appealed.

*Error assigned* was, among others, the refusal of defendants' motion for judgment non obstante veredicto.

*Alvin L. Levi,* and with him *David Mandel, Jr.,* and *Julius C. Levi,* for appellants.—Plaintiff's failure to secure a brokerage license prior to the time the services were rendered was fatal to her action:   Luce v. Cook, 227 Pa. 224; Meyer v. Wiest, 250 Pa. 573, 576; Rittenhouse v. Exeter Machine Works, 283 Pa. 304.

*Jacob Weinstein,* and with him *Maurice G. Weinberg,* for appellees.

OPINION BY KELLER, J., February 26, 1926:

This was an action in assumpsit brought by a real estate broker for a definite commission which, it was averred, defendants had agreed to pay her upon the consummation of a purchase by them of certain real estate.

In her statement of claim plaintiff averred that she was a duly licensed real estate broker.   Defendants did not deny this averment but called on her to produce her license at the trial.   In presenting her case in chief

plaintiff testified she was a real estate broker, and produced her license, which showed on its face it had not been issued until over a month after the rendering of the services sued for and the consummation of the contract of purchase. Defendants presented a point for binding instructions which the court refused, apparently on the ground that the matter had not been raised in the affidavits of defense filed.

No useful purpose will be served by a discussion of the question raised by the learned counsel for appellee, to wit, the soundness of the rule enunciated by the Supreme Court, that the payment of a tax and the securing of a license is a condition precedent to the lawful transaction of business by a real estate broker; that he cannot have the aid of the courts to recover commissions which were earned before he had paid his tax and received a license: Luce v. Cook, 227 Pa. 224; Meyer v. Wiest, 250 Pa. 573. The law establishing this Court provides (Act of June 24, 1895, P. L. 212, sec. 10), that "Upon any question whatever before the said court the decision of the Supreme Court shall be received and followed as of binding authority." And we cheerfully conform to that direction. See Webb v. Rachmil, 75 Pa. Superior Ct. 193.

It thus appeared from the plaintiff's own case that her claim as presented rested upon an illegal foundation, and irrespective of the defenses set up in the affidavits of defense, the defendants were entitled to take advantage of it: Josephson v. Weintraub, 78 Pa. Superior Ct. 14, 18; Continental Guaranty Corp. v. Hughes, 81 Pa. Superior Ct. 264; Nudleman v. Travelers Ins. Co., 84 Pa. Superior Ct. 589, 591; and the court erred in not so ruling. The first and second assignments of error are sustained. We have less hesitation in doing this, because a review of the testimony discloses no competent evidence of a partnership between the defendants in the purchase of real estate, or

of a joint contract by them with the plaintiff as respects the property involved, or even that they became the purchasers of this property. Plaintiff's contract with Cravitz, assuming to act for himself and Welsh, did not extend to a purchase by Welsh and Lieberson, in the absence of proof that the latter was acting for Cravitz.

It is not necessary to discuss the remaining assignments. The judgment is reversed and is now entered for the defendants.