## United States Guardian Corporation v. Sherr.

*Judgment note—Payable in instalments—Authority to enter judgment—Time of entry—Negotiability—Act of May 16, 1901.*

A promissory note, payable in instalments, containing a provision that on default of payment of any instalment the whole remaining amount shall become due, which provision is immediately followed by authority to confess judgment "for the above sum," will be construed as authorizing entry of judgment only after default in payment of any instalment and maturity of the note on such default, and is, therefore, negotiable under the Act of May 16, 1901, § 5, cl. 2, P. L. 194.

Rule to open judgment entered on a note. C. P. Lehigh Co., June T., 1926, Nos. 965 and 966.

*Groman & Rapoport,* for plaintiff; *Dallas S. Gangewer,* for defendant.

Reno, P. J., March 14, 1927.—This rule to open judgment may be determined by ascertaining whether the notes upon which judgment was entered are negotiable. If so, defendant has shown no grounds sufficient to move our chancery powers in his behalf. If, however, they are non-negotiable, his defence would be available against plaintiff, the present holder, and the judgment should be opened to allow defendant an opportunity to enter a defence.

The only provision of the notes which need be considered is separated from the balance by semi-colons at the beginning and the end. Keeping in mind that a semi-colon is frequently used, like a period, to indicate a completed thought, it may be said that in one sentence there is contained this provision, "and upon default in the payment of any instalment when due, the whole amount remaining unpaid shall become due and payable, together with costs and attorney's fees for collection, and, further, do hereby authorize and empower any attorney of any court of Pennsylvania, or elsewhere, to appear for and to enter judgment against the undersigned for the above sum, with or without declaration, with costs of suit and attorney's fee of 15 per cent., release of errors, without stay of execution." So read as one sentence, the confession of judgment becomes operative only "upon default in the payment of any instalment when due." Consequently, the clause must be taken to authorize the entry of the confession of judgment after maturity; that is, after one of the instalments remaining unpaid causes the whole amount to become due.

The note is, therefore, negotiable. The Act of May 16, 1901, §. 5, cl. 2, P. L. 194, provides that: "An instrument which contains an order or promise to do any act in addition to the payment of money is not negotiable, but the negotiable character of an instrument, otherwise negotiable, is not affected by a provision which . . . authorizes a confession of judgment if the instrument be not paid at maturity." Construing this section, our courts have held that whenever the language of the note permits the entry of judgment before maturity, it is non-negotiable: Milton National Bank v. Beaver, 25 Pa. Superior Ct. 494; Continental Guaranty Corp. v. Hughes, 81 Pa. Superior Ct. 264; Volk v. Shoemaker, 229 Pa. 407. However, it is not necessary that the note follow the exact language of the act; the words "if the instrument be not paid at maturity" need not appear in the note; there is a sufficient compliance with the act if it appears that, whatever be the language employed, the authority to enter the judgment is effectually restricted to a time after the note becomes payable: Green v. Dick and Shope, 72 Pa. Superior Ct. 266.

Defendant has shown nothing which would avail him in a trial with a *bona fide* holder of a negotiable instrument. Admittedly, this plaintiff is such a

holder. It paid value for the note and it had no knowledge of the equities between defendant and the payee of the note. This appears so conclusively that, even if the judgment were opened, defendant could have no hopes of a verdict in his favor.

Now, March 14, 1927, the rule to show cause why the judgment should not be opened is discharged.

From Edwin L. Kohler, Allentown, Pa.