## McClymont v. Gitt, Appellant.

*Architects—Certificates—Registration.*

One who was engaged in the profession of architecture one year prior to the effective date of the Act of July 12, 1919, P. L. 933, can recover for the value of his services, even if he has not filed an affidavit setting forth the fact that he has practiced, as required by

the terms of the Act. The thirteenth section of the Act of July 12, 1919, P. L. 933, makes it unlawful for any person to enter upon the practice of architecture, or to hold himself forth as an architect, or a registered architect, unless he complies with the provisions of the Act, and is the holder of a certificate of qualification. This provision does not apply to the excepted class of architects who practiced a year before the Act was approved.

There is nothing in the Act which imposes a penalty on an architect who has practiced a year before the effective date of the Act, for his failure to file an affidavit, and he is therefore not deprived of his recourse to the Courts to collect compensation which is justly due him.

Argued March 17, 1927. Appeal No. 27, March T., 1927, by defendant from C. P. York County, April T., 1926, No. 46, in the case of James H. McClymont v. Josiah W. Gitt. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Assumpsit for services rendered. Before NILES, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $2,000 and judgment thereon. Defendant appealed.

*Error assigned,* among others, was refusal of defendant's motion for judgment non obstante veredicto.

*Allen C. Wiest,* for appellant.—It is the policy of the law in view of the public interests, that the courts will not lend their aid to enforce a contract made in violation of a statute. Seidenbender v. Charles' Admrs., 4 S. & R. 151; Vandergrift v. Vandergrift, 226 Pa. 254; Johnson v. Hulings, 103 Pa. 498; Luce v. Cook, 227 Pa. 224; Meyer v. Wiest, 250 Pa. 573; Holt v. Green, 73 Pa. 198; Thorne v. Travellers' Insurance Co., 80 Pa. 15.

*Donald H. Yost,* and with him *Jacob E. Weaver,* for appellee.

Opinion by Trexler, J., April 27, 1927:

The plaintiff is an architect, having engaged in that calling for thirty-five years. He made a verbal bargain with the defendant to prepare plans for his residence and other constructions appurtenant thereto and later he was put in full charge of the work.

He presented a bill to the defendant, asking him for a payment on account which bill was as follows: "James H. McClymont, Architect, Market and Queen Streets, York, Pennsylvania. For architectural services designing house, garage, swimming pool, etc., survey, prints, etc.," and in the letter accompanying the bill, he referred to the bill as for "professional services." The only defense that is urged in this court is that the plaintiff, not having complied with the Act of 12, July, 1919, P. L. 933, which regulates the practice of architecture, cannot ask the aid of the court to enforce his claim.

The Act of 12, July, 1919, P. L. 933, establishes a State board of examiners of architects. A careful examination of the 6th Section of this act is required and we quote it in full: "Any person residing in or having a place of business in this State who upon the date of the approval of this act is not engaged in the practice of architecture in the State of Pennsylvania under the title of 'architect' shall, before engaging in the practice of architecture or being styled or known as an architect, secure from said board of examiners a certificate of his or her qualifications to practice under the title of 'architect,' and be duly registered with said board as provided by this act. Any properly qualified person who shall have been engaged in the practice of architecture under the title of 'architect,' for at least one year prior to the date of the approval of this act may secure such certificate and be registered in the manner provided by this act. Any person holding a certificate and being duly registered pursuant to this act may be styled or known as a

registered architect. No other person shall assume such title or use the abbreviation R. A., or any other words, letters, or figures, to indicate that he or she is a registered architect. Any person who shall have been engaged in the practice of architecture under the title of 'architect' for a period of one year prior to the approval of this act may continue so to do without a certificate or registration, provided that an affidavit setting forth these facts be filed with the board of examiners within five years from the date of approval of this act, but such person shall not be styled or known as a registered architect."

The plaintiff raised the question in this court that the fact of the non-compliance of the plaintiff to the requirements of the above act has not been properly brought upon the record. There may be some force in this suggestion, but evidently in the court below, the fact that the plaintiff has not followed the provisions of the act, seems to have been regarded as admitted and the court in its charge to the jury disposed of the question by directing the jury that the failure of the plaintiff to comply with the act, did not prevent his recovery and the jury accordingly found in favor of the plaintiff. The question, therefore, before us is whether an architect, who practised his profession prior to the passage of the above act, but who failed to file an affidavit, as required by the act, within five years of the date of the approval of the act, can collect a bill which he, as architect, presents for professional services.

The defendant relies upon the long line of cases that hold where the procuring of a license is a condition precedent for the lawful transaction of business, there can be no recovery of compensation for services rendered. Sherman v. Welsh, 87 Pa. Superior Ct. 282, is the latest case in our court upon the subject.

It appears plainly by the above section "that any

person entering upon the profession of architecture must secure a certificate in order that he may use the style 'architect or registered architect.' Any person who was at the time of the approval of the act engaged in the practice of architecture might secure such certificate and be styled or known as a 'registered architect.' " Any person engaged in the practice of architecture under the title of architect may continue to do so under said title without registration provided before the end of five years from the date of the approval of the act, he files "an affidavit setting forth the facts." It will be seen that such person is not required to register and get a certificate unless he wishes to assume the title of "registered architect." The use of the term "architect" is allowed him if he files the affidavit within five years, but what the penalty for non-compliance with the act is, we are unable to find.

As was stated by the learned trial judge, there is nothing that would allow us to construe the words above quoted as if there were included "and unless he shall file such affidavit within five years, thereafter it shall be unlawful for him to practice architecture." If we turn to the 13th Section we find that "it shall be unlawful for any person in the State of Pennsylvania to enter upon the practice of architecture in the State of Pennsylvania, or to hold himself or herself forth as an architect or as a "registered architect," unless he shall have complied with the provisions of this act and is the holder of a certificate of qualification to practice architecture issued or renewed and registered under the provisions of this act." This, it is evident, does not apply to the excepted class of architects who practiced a year before the act was approved, for it refers only to those who failed to have a certificate of registration and neither certificate nor registration is necessary in the case of a man who has been an architect before the approval of the act, he merely is

to file an affidavit. There is, therefore, nothing in the act which imposes a penalty on the plaintiff in this case, for his failure to file an affidavit. If the framers of the act intended to make the penalty clause apply to such a condition, they have failed to so state.

The jury has found that the defendant is indebted to the plaintiff for a substantial sum and to deprive the latter of the fruits of his victory would be unjust unless the language of the act relied upon would plainly lead one to do so.

The judgment of the lower court is affirmed.