## Smullen & Barry, Appellants, *v.* Weger et ux.

*Judgments—Opening—Defense—Counter-claim—Broker's commis-
sions—License—Illegal transaction.*

On a rule to open a judgment the petitioners alleged that the de-
fendants were entitled to certain credits due one of the defendants

for commissions on real estate earned in association with the plaintiffs. The testimony disclosed, however, that the defendant was an independent broker operating for himself; that the counter claim was based on the customary commissions due such broker; and that at the time they were alleged to be earned he did not have the requisite broker's license.

In such case the broker could not legally collect his commissions and it was error to open the judgment.

A real estate broker cannot have the aid of the courts to recover commissions which were earned before he had paid his tax and received his license.

Argued December 13, 1927. Appeals Nos. 308 and 354, October T., 1927, by plaintiffs and defendants from decree of C. P., No. 2, Philadelphia County, March T., 1926, No. 2727, in the case of Stanley B. Smullen and F. Allen Barry, trading as Smullen and Barry, v. Karl T. Weger and Madeline P. Weger. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Reversed.

Rule to open judgment. Before GORDON, J.

The facts are stated in the opinion of the Superior Court.

The court, being of the opinion that defendants' counter-claim was valid, made absolute the rule to open the judgment allowing the defendants to be let into a defense to the extent of $615. Both parties appealed.

*Error assigned* was the judgment of the court.

*Paul Reilly,* for the plaintiff appellants, cited: Luce v. Cook, 277 Pa. 224; Sherman v. Welsh, 87 Pa. Superior Ct. 282; Josephson v. Weintraub, 78 Pa. Superior Ct. 14.

*Isaac A. Pennypacker,* and with him *Julius Zieget, Alfred G. Muench,* and *Pepper, Bodine, Stokes & Schoch,* for defendant appellees, cited: Excelsior Sav-

ing Fund and Loan Association v. Fox, 253 Pa. 257;
McKee v. Verner, 239 Pa. 69; Potamkin v. Wells Fargo
& Co., 63 Pa. Superior Ct. 222; Deposit National Bank
v. Beaver Trust Co., 68 Pa. Superior Ct. 468.

OPINION BY GAWTHROP, J., March 2, 1928:

These appeals by plaintiffs and defendants were
argued together and will be disposed of in one opinion.
On March 6, 1926, judgment was entered in the court
below against defendants, husband and wife, and in
favor of plaintiffs for $973.98, on a judgment note
dated March 1, 1926, payable ninety days after date.
The note was given by defendants to secure plaintiffs
for money advanced by them for defendants on ac-
count of the purchase price of a house at 8000 Winston
Road, Chestnut Hill, which the husband contracted to
purchase from St. Martins Homes Company, title to
which was taken, and is now in, the wife. On or about
May 26, 1926, defendants filed in the court below a joint
petition for a rule upon plaintiffs to show cause why
the judgment should not be opened. On June 2, 1926,
the wife filed a separate petition for the opening of the
judgment. The allegation in the joint petition was
that Mr. Weger, "who was associated with the plain-
tiffs as an agent and broker in selling and renting
properties for the plaintiffs, receiving payment for his
services on a commission basis from the plaintiffs, ex-
pected to become entitled to receive certain commis-
sions from the plaintiffs, and it was understood and
agreed between said defendant and the plaintiffs that
commissions which the defendant, Karl T. Weger, had
become or should become entitled to receive from the
plaintiffs should be applied toward the payment of
said judgment note;" that plaintiffs were indebted to
Mr. Weger for sums largely in excess of the amount of
the judgment note, and if plaintiffs had paid said de-
fendant the sums which he was entitled to receive from
them, or had credited said defendant with the same, as

agreed, he would have been able to pay the note before maturity; that plaintiffs owed Mr. Weger the sum of $525, representing commissions at the rate of three per cent. on the purchase price of property No. 8018 Winston Road sold for plaintiffs on or about May 5, 1926, for $17,500; a commission of $90 for renting No. 7218 Lincoln Drive for plaintiffs at $150 per month for a term of one year; and the sum of $3,150, representing commissions at the rate of five per cent. on the selling price of property situated on Wooddale Road. The prayer was that Mr. Weger be permitted to prove "his counter-claim above described." Mrs. Weger's petition alleged that her husband was acting as agent and broker in selling and renting properties for plaintiffs, who furnished to him desk room and office facilities; that plaintiffs were engaged as owners or part owners in the development and sale of a tract of land at Chestnut Hill; that plaintiffs induced her husband to buy and reside in property No. 8000 Winston Road, a house in this development, so that the latter would have a representative on the ground; that plaintiffs said they would "make the purchase price easy" by arranging for $16,000 in mortgages and that payment of the balance could be made out of commissions due or to become due from plaintiffs to Mr. Weger; that when the time of settlement for the house arrived Mr. Weger had paid $1,000 on account of the purchase price, but that there were then due him no commissions and plaintiffs said they were willing to look to his future commissions for payment of the balance of the purchase money; that plaintiffs asked that a judgment note for said amount be executed by Mrs. Weger, as well as by her husband, because the conveyance was to be made to her; that she signed the note here involved upon the understanding that its collection would not be enforced against her and her property, but that plaintiffs would look to the commissions due from them to her husband for payment of

the note; that plaintiffs owed Mr. Weger sums in excess of the amount of the note on account of commissions due to him; that on May 29, 1926, Mr. Weger assigned to his wife the commissions due him from plaintiffs in the sum of $615; and that the note was entered in violation of the agreement between Mr. Weger and plaintiffs that the latter would look to commissions due to him for payment of the note and would not enforce the same against her or her property. Her prayer was for the opening of the judgment against her to permit her to "prove her counter-claim above described."

Plaintiffs averred in their answers to these petitions that they conducted a real estate brokerage business; that Mr. Weger was a sub-broker with them in that business and received a share of the commissions received by them from the brokerage business solely originated by him; that they never agreed that the note was to be paid by Mr. Weger's share of commissions; that as such sub-broker or employee when the petition to open was filed there was due him $249.75, and that he was not entitled to a commission of $3,150 on the property on Wooddale Road; that he never obtained a purchaser for said property who agreed to terms authorized and ratified by plaintiffs, and that his employment with plaintiffs terminated before the first petition to open judgment was filed; that they did not own in whole or in part the tract of land at Chestnut Hill, of which defendants bought a part; that said house was purchased from the St. Martins Homes Company, a corporation in which plaintiffs owned stock and for which they were acting as brokers. They admitted a willingness to credit on the note all compensation due Mr. Weger.

After rules were granted to show cause why the judgments should not be opened in order that the defendants might establish their counter-claims as a defense and set-off, depositions were taken. The testi-

mony of the defendant, Mr. Weger, stands substantially alone in respect to the material facts which are disputed. He testified that he was a real estate broker; that when he became associated with plaintiffs in their office he "agreed to give them fifty-five per cent. of my commission on all sales of property in which they were not interested; but on properties in which they were interested I was to collect the full commission, according to the type of property......that is five per cent. on vacant ground, three per cent. on improved properties, five per cent. on the rental, yearly rental of properties; my time was my own; I received no wages or pay or expense allowance for that portion of my employment. In return for the fifty-five per cent. which I paid Smullen and Barry, I received desk room, telephone service, clerical service, the benefit of their advertisement, and collection of my commissions, also bookkeeping." He testified further that it was distinctly understood that he was to "operate a business of his own;" that he had an absolutely free hand to deal in real estate throughout the City of Philadelphia; that he was not employed by plaintiffs and they had no control over him; that both of the plaintiffs told him that they had some ground located on Wooddale Road which they were anxious to dispose of, and that on different occasions both of them told him that if he sold any of that ground he would receive his full commission upon it; that plaintiffs owed him for obtaining a tenant for property No. 7218 Lincoln Drive which was owned by plaintiffs for one year at $150 a month, on which he was entitled to a five per cent. commission of $90; that they owed him $525, representing a three per cent. commission on the purchase price of property No. 8018 Winston Road, which he sold for $17,500; that they owed him also $3,150, representing a five per cent. commission on the agreed selling price of $63,000 for land owned by plaintiffs on Wooddale Road. He admitted that he was not a licensed real

estate broker. He was asked on cross-examination: ''As I understand your testimony you wish by it to refute any claim that you were while associated with Smullen and Barry, an employee of theirs; is that right? A. That is right. Q. And you deny that you were an employee of theirs? A. I do ...... Q. Was the business which you were conducting during the period you were associated with Smullen and Barry your own individual business? A. Yes ....... Q. In respect to the properties of Smullen and Barry, were you working as a broker, individually? A. Yes. Q. With respect to other properties—the properties of other persons than Smullen and Barry were you working as a broker, individually? A. Yes ...... Q. And, the only difference between the properties of third persons and the properties of Smullen and Barry, or those in which they were interested, was the rate of commission that you were to be paid as a broker? A. That is right ...... Q. I further understand from your testimony that during the time you were with Smullen and Barry, your arrangement with them contemplated that they should make the collection of commissions for you? A. That is right.'' When he was asked whether plaintiffs were liable to him for commissions in case they did not collect them he anwered: ''No.''

The only rational conclusion from this testimony is that Mr. Weger was an unlicensed real estate broker operating for himself with the office of plaintiffs as his headquarters; that his counter-claim or set-off is based on the customary commissions due such a broker; that he was not an employee of plaintiffs; and that the percentage of his commissions retained by them was a payment by him in consideration of the accommodation and service rendered to him by plaintiffs and their office force. In our view this is the end of defendants' case. While it is true, as stated in the brief filed for Mr. Weger, that the petitions to open the

judgment were based on the theory that Mr. Weger was associated with plaintiffs to assist them in performing their brokerage business and the plaintiffs so regarded him, his testimony is irreconcilable with that theory. His persistent and unequivocal testimony that he was not an employee of plaintiffs, but was operating on his own account as a broker, and that he had no license to act as such brings him and his wife within the established rule in Pennsylvania that a real estate broker cannot have the aid of the courts to recover commissions which were earned before he had paid his tax and received a license. See Luce v. Cook, 227 Pa. 224; Meyer v. Wiest, 250 Pa. 573; Sherman v. Welsh, 87 Pa. Superior Ct. 282, and kindred cases. The counter-claim sought to be interposed rests upon an illegal transaction, (Josephson v. Weintraub, 78 Pa. Superior Ct. 14; Continental G. Corp. v. Hughes, 81 Pa. Superior Ct. 264; Nudleman v. The Travellers Ins. Co., 84 Pa. Superior Ct. 589) without the aid of which defendants do not make out a case. Therefore the rule followed in Potamkin v. Wells Fargo & Co., 63 Pa. Superior Ct. 222, cited in behalf of defendants, and kindred cases, has no application. This conclusion renders it unnecessary to consider the other questions argued. For these reasons, we are constrained to the conclusion that error was committed in opening the judgment and letting defendants into a defense as to any part thereof.

In No. 308, October T., 1927, the judgment is reversed and the rule discharged.

In No. 354, October T., 1927, the judgment is affirmed.