## Practice of Architecture. No. 3

ADAMS, Deputy Attorney General, July 18, 1945.— This department is in receipt of your inquiry asking whether the State Board of Examiners of Architects may authorize the use of the title "architect" by an individual who filed an affidavit under date of February 14, 1940, setting forth that he had been engaged in the practice of architecture, under the title "architect", for more than one year prior to July 12, 1919. You state that the records in your department do not indicate that the applicant filed an affidavit during the five years subsequent to the Act of July 12, 1919, P. L. 933, nor was any such affidavit filed prior to January 1, 1940, in accordance with the Act of June 27, 1939, P. L. 1188, which amended the Act of July 12, 1919, P. L. 933.

The practice of architecture in the Commonwealth of Pennsylvania is regulated by the Act of July 12, 1919, P. L. 933, as amended, 63 PS §21 et seq.

Section 6 of the Act of 1919, as amended by section 1 of the Act of 1939, 63 PS §21, reads as follows:

". . . Any person . . . engaged in the practice of architecture under the title of 'architect' prior to the approval of this act may continue so to do without a certificate or registration, *provided that an affidavit setting forth these facts be filed with the board of examiners;* but such person shall not be styled or known as a registered architect unless the board shall have issued to him or her a certificate of qualification and registration as herein provided." (Italics supplied.)

Paragraph (*e*) of section 7 of the Act of 1919, as amended, supra, 63 PS §22, reads:

"The board shall, upon application made at any time prior to January 1, 1942, issue a certificate of qualification and registration to all persons entitled to engage in the practice of architecture by reason of filing, before January first, one thousand nine hundred and forty, with the board, the affidavit provided for in section six hereof."

You call attention to the fact that the applicant did not file the affidavit within the five years subsequent to the passage of the Act of 1919, supra, nor was it filed prior to January 1, 1940. You also call attention to Formal Opinion no. 328, In re Practice of Architecture (No. 2), 38 D. & C. 60, dated March 5, 1940. (1939-1940 Op. Atty. Gen. 228.)

Your reference to the failure of the applicant to file an affidavit within the five years subsequent to the passage of the Act of 1919, supra, arises from the fact that the Act of 1919 provided in section 6 thereof that the affidavit therein provided be filed *within five years from the date of approval of this act.* This italicized portion of the original Act of 1919 was eliminated by the amendments of 1939, and there is, under present law, no period specified within which the affidavit must be filed.

In the case of McClymont v. Gitt, 90 Pa. Superior Ct. 395 (1927), Judge Trexler said (p. 399):

"Any person engaged in the practice of architecture under the title of architect may continue to do so under said title without registration provided before the end of five years from the date of the approval of the act, he files 'an affidavit setting forth the facts.' It will be seen that such person is not required to register and get a certificate unless he wishes to assume the title of 'registered architect'. The use of the term 'architect' is allowed him if he files the affidavit within five years . . ."

This case was decided prior to the amendments of 1939, which eliminated the provision for filing the affidavit within five years from the date of the approval of the Act of 1919, supra, said act having been approved July 12, 1919.

In In re Practice of Architecture (No. 2), 38 D. & C. 60, it was held (p. 71):

"1. Any person who shall have been engaged in the practice of architecture under the title of 'architect' prior to July 12, 1919, may continue so to act without a certificate or registration, providing an affidavit setting forth these facts was filed with the State Board of Examiners of Architects prior to January 1, 1940; but any such person may not be styled or known as a registered architect unless application for qualification and registration as such be made with the board prior to January 1, 1942."

This opinion was based upon the fact that the apparent mandatory effect of section 7 (e) was modified by the provisions of section 6.

We are constrained to modify Formal Opinion no. 328, In re Practice of Architecture (No. 2), supra, for the following reasons:

1. Section 6 authorizes a person engaged in the practice of architecture under the title "architect" prior to the approval of the Act of 1919, supra, to continue to do so without a certificate or registration, provided that an affidavit setting forth these facts is filed with the

board of examiners. No other requirements are specified, but such a person is prohibited from using the title "registered architect".

2. Section 7(e) stands for the proposition that a person who filed an affidavit as provided in section 6, before January 1, 1940, and made an application prior to January 1, 1942, for a certificate of qualification and registration shall be entitled to such certificate of qualification and registration.

Under Formal Opinion no. 328, it is apparent that a person filing an affidavit, but failing to apply for a certificate of qualification and registration, would be denied the right to practice his profession, and thus the express language of section 6 would be rendered ineffective.

However, if we take the position that section 6 refers to the person who, having filed an affidavit, is thereby authorized and desires to continue practice without a certificate or registration, while section 7(e) refers to the person who once so practiced, but before January 1, 1942, applied for a certificate of qualification and registration, all parts of the act become effective.

In other words, section 6 authorizes the practice of architecture as an "architect", while section 7(e) authorizes the practice of architecture as a "registered architect".

That the Act of 1919, supra, as amended, contemplated this result is borne out by section 13 of the Act of 1919, as last amended by the Act of 1939, supra, 63 PS §28, which reads in part as follows:

"In order to safeguard life, health and property, *no person shall practice architecture in this Commonwealth* or engage in preparing plans, specifications or preliminary data for the erection or alteration of any building located within the boundaries of this Commonwealth, except as hereinafter set forth, or use the title 'architect', or display or use any words, letters, figures, title, sign, card, advertisement, or other device to indi-

cate that such person practices or offers to practice architecture, or is an architect or is qualified to perform the work of an architect, *unless such person shall have secured from the board a certificate of qualification and registration or an affidavit card* in the manner herein provided, and shall thereafter comply with the provisions of the laws of the Commonwealth of Pennsylvania governing the registration and licensing of architects." (Italics supplied.)

The italicized portion of the above clearly indicates two methods of lawful practice as an architect, to wit, qualification and registration, or an affidavit card.

The first conclusion of Formal Opinion no. 328, In re Practice of Architecture (No. 2), supra, is therefore modified to read as follows:

"1. Any person who shall have been engaged in the practice of architecture under the title of 'architect' prior to July 12, 1919, may continue so to do without a certificate or registration, providing an affidavit setting forth these facts was filed with the State Board of Examiners of Architects . . . , but such person may not be styled or known as a registered architect unless application for qualification and registration as such be made with the board prior to January 1, 1942, *and such person has filed an affidavit setting forth the necessary facts prior to January 1, 1940.*"

We are, therefore, of the opinion and you are accordingly advised that an applicant who files an affidavit pursuant to the provisions of section 6 of the Act of July 12, 1919, P. L. 933, as amended, 63 PS §21 et seq., to the effect that he was engaged in the practice of architecture, under the title of "architect" prior to July 12, 1919, is entitled to an "affidavit card", and may continue to practice architecture under the title of "architect". Such person, however, shall not be styled or known as a *"registered* architect".